## COMMONWEALTH vs. BENJAMIN RAYMOND.

In an indictment under the St. of 1866, c. 253, § 1, for killing, for the purpose of sale, a calf less than four weeks old, it is not necessary to allege, nor, in support of the charge, is it necessary, at the trial, to prove, that the defendant knew that the calf was less than four weeks old; nor that he intended to sell the veal in this Commonwealth, or to an inhabitant thereof; nor what use the purchaser intended to make of the veal.

In an indictment under the St. of 1866, c. 253, § 1, the words "with intent to sell," are equivalent to the words "for the purpose of sale."

INDICTMENT under the St. of 1866, c. 253, § 1,* charging that the defendant, at Groton, on April 10, 1867, "knowingly, wilfully and maliciously did·kill a certain calf, the said calf being then and there less than four weeks old, with intent then and there the meat of said calf to sell," the defendant "then and there well knowing that said calf he as aforesaid killed was then and there less than four weeks old."

At the trial in the superior court, before *Ames*, C. J., the defendant, before the jury were impanelled, moved to quash the indictment, alleging, among other reasons, that, "1. the offence, if any, charged in said indictment is not fully and plainly, substantially and formally, described to him ; 2. the offence named in said indictment, if any, is set forth in such general and uncertain terms, that the defendant is unable to know what he is called upon to defend ; 3. it does not appear by said indictment that said calf was killed 'for the purpose of sale ;' 4. it does not appear by said indictment that the defendant had the 'meat of said calf in his possession ;' 5. it does not appear·by said in-

---

* The St. of 1866, c. 253, § 1, entitled, "An Act concerning Offences against the Public Health," approved by the governor May 23, 1866, is as follows :

"Whoever kills or causes to be killed, for the purpose of sale, any calf less than four weeks old, or knowingly sells, or has in his possession with intent to sell, the meat of any calf killed when less than four weeks old, shall be punished by imprisonment in the jail or house of correction not exceeding six months, or by fine not exceeding two hundred dollars, or by both such imprisonment and fine; and all such meat exposed for sale, or kept with intent to make sale thereof, may be seized and destroyed by any board of health or health officer, or by any sheriff, deputy sheriff, constable or police officer."

dictment that the defendant intended to sell said meat to persons of this Commonwealth ; 6. it does not appear by said indictment that any offence known to the laws of this Commonwealth is charged therein."

This motion being overruled, the defendant, on trial, was found guilty, and alleged exceptions.

*G. M. Brooks & J. Spaulding*, for the defendant. 1. The defendant is not charged with either of the two offences set forth in the statute ; neither with killing the calf " for the purpose of sale,' nor with " knowingly selling or having in his possession with intent to sell " the meat of the calf.

2. The indictment is bad for uncertainty. *Commonwealth* v. *Bean*, 11 Cush. 414. *Commonwealth* v. *Hall*, 15 Mass. 240.

3. The offence, if any, which it is sought to charge, is one against the public health, for the protection of which the statute aims to prevent the use by man for food of the meat of calves under four weeks old. But it is not inconsistent with the public health, nor to be considered a violation of the statute, to kill such a calf to sell its meat for purposes other than for food for man, as, for instance, for the purpose of scientific dissection ; and the indictment does not allege that this calf was not killed to be sold for some such lawful purpose. *Commonwealth* v. *Clifford*, 8 Cush. 217. *Commonwealth* v. *Bean*, 14 Gray, 52. *Commonwealth* v. *Hall*, 15 Mass. 240. *Commonwealth* v. *Slack*, 19 Pick. 304. *Commonwealth* v. *Collins*, 2 Cush. 556.

4. Nor is it a violation of the statute to sell the meat of such a calf to be used as food for man outside of Massachusetts. To be effectual, the indictment should have alleged that the defendant had the meat of the calf in his possession to be used as food by citizens of this Commonwealth. Train & Heard Prec. 339.

5. The indictment is bad also for duplicity in attempting to charge two distinct offences in one count. *Commonwealth* v. *Symonds*, 2 Mass. 163.

*C. Allen*, Attorney General, for the Commonwealth.

FOSTER, J. The defendant is charged with an offence under the first clause of § 1 of St. 1866, *c.* 253, by which it is made

punishable to kill a calf less than four weeks old " for the purpose of sale." It was not necessary to allege in the indictment that he knew the calf to be less than four weeks old. Under this clause, as under the laws against the sale of intoxicating liquor or adulterated milk, and many other police, health and revenue regulations, the defendant is bound to know the facts and obey the law, at his peril. Such is the general rule where acts which are not *mala in se* are made *mala prohibita* from motives of public policy, and not because of their moral turpitude or the criminal intent with which they are committed. 3 Greenl. Ev. § 21. *Commonwealth* v. *Boynton,* 2 Allen, 160. *Commonwealth* v. *Farren,* 9 Allen, 489. *Commonwealth* v. *Waite,* 11 Allen, 264.

Under the next clause of the same section, the offence is not the killing of the calf, but " knowingly " selling, or having in possession with intent to sell, the meat of a calf killed when less than four weeks old ; and this language makes the defendant's knowledge essential to be alleged and proved. The legislature saw fit to make the man who kills or causes to be killed a calf for the purposes of sale, at all events punishable, if the animal was less than four weeks old, but to punish the man who sells veal, only in case he knows it to have been killed when under four weeks old.

The words of the indictment charge that the defendant killed the calf at Groton, " with the intent then and there the meat of said calf to sell, he the said Benjamin Raymond then and there well knowing that said calf he as aforesaid killed was then and there less than four weeks old." This language seems sufficiently to allege the defendant's knowledge, if it were necessary to do so.

Nor was it material to allege or prove the use which the purchaser intended to make of the veal. The legislature has seen fit to prohibit altogether the killing for sale of calves under four weeks old, because the ordinary results of such a traffic are injurious to the public health. If we were of a different opinion, we should still think this a matter of defence, and that the offence is well enough described by using words substantially the same with those which the legislature has employed. The

cases are few and exceptional in which an indictment which does this will be held to be insufficient.

It also alleges an intent to sell within this Commonwealth, to wit, at Groton. Besides, neither the words nor the purposes of the statute indicate that the legislature intended to limit the protection of the public health to the inhabitants of Massachusetts, and to permit an injurious traffic with the rest of mankind. The language used, " with the intent to sell," we regard as exactly equivalent to the language of the statute, " for the purpose of sale." " With an intent" and " for a purpose" are expressions almost absolutely identical in meaning. Under the liquor law, in Gen. Sts. *c.* 86, §§ 42, 49, they are so used. If the defendant killed the calf with the intent to sell its meat, he did it in part at least for that purpose, whatever other purposes or intentions may have existed in his mind.

*Exceptions overruled.*