## COMMONWEALTH *vs.* GEORGE H. WENTWORTH.

Suffolk.   June 25. — September 1, 1875.   COLT & DEVENS, JJ., absent.

Guilty knowledge is not one of the ingredients in the offence created by the St. of 1869, *c.* 152, § 4, imposing a penalty upon any person who shall sell, or keep, or offer for sale, naphtha under any assumed name.

Upon a complaint on the St. of 1869, *c.* 152, § 4, charging the defendant with keeping naphtha and offering it for sale, the defendant admitted that he kept for sale an article which was once naphtha, but contended that it had been combined with chemical agents so as to counteract its explosive qualities as naphtha. The presiding judge instructed the jury that they were " to decide whether the article alleged and admitted to be kept and offered for sale was substantially naphtha or not." *Held,* that the use of the word " substantially " in the charge afforded the defendant no ground of exception.

MORTON, J   The complaint in this case is founded upon the St. of 1869, *c.* 152, § 4; which imposes a penalty upon " any

person who shall sell, or keep, or offer for sale, naphtha, under any assumed name." We are of opinion that the court correctly ruled, that the question whether the defendant had knowledge that the article kept by him was naphtha was immaterial. The statute does not make a guilty knowledge one of the ingredients of the offence. It is like the statutes against the sale of intoxicating liquors, or adulterated milk, and many other police regulations; it prohibits the acts of selling or keeping for sale naphtha, under any name, not because of their moral turpitude, or the criminal intent with which they are committed, but because they are dangerous to the public; as stated in *Hourigan* v. *Nowell*, 110 Mass. 470, which arose under § 2 of this statute, "for the protection of the community, the law throws upon the vendor the responsibility and burden of keeping himself, at his peril, within the terms of the statute, in dealing with a kind of article the use of which has been found to be attended with great danger." *Commonwealth* v. *Raymond*, 97 Mass. 567. *Commonwealth* v. *Emmons*, 98 Mass. 6. *Commonwealth* v. *Farren*, 9 Allen, 489. *Commonwealth* v. *Boynton*, 2 Allen, 160.

The defendant contends that the instruction to the jury, that they were "to decide whether the article alleged and admitted to be kept and offered for sale was substantially naphtha or not," was erroneous. In the sense in which, as is clear, the presiding judge used the expression "substantially naphtha," it is not open to objection. The defendant admitted that he kept for sale an article which was once naphtha, but contended that it had been combined with chemical agents, so as to counteract its explosive qualities as naphtha. In this connection, the instruction excepted to was correct; the word "substantially" being clearly used as meaning "really or essentially." The jury could not have understood the court to imply that they were to convict the defendant because naphtha was the principal constituent of the article kept for sale, if by chemical combination its nature and character had been changed. The fair meaning of the instruction was that they were to inquire whether, by chemical combinations, a different article had been produced, or whether the article offered for sale remained and was essentially naphtha. *Exceptions overruled.*

*J. W. May*, for the defendant.

*W. G. Colburn*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.