## COMMONWEALTH vs. SIMON SAVERY.

Worcester.    October 3. — 21, 1887.    C. ALLEN & KNOWLTON, JJ., absent.

It is no defence to a complaint for keeping intoxicating liquors with intent unlaw-
fully to sell the same, that the liquors were upon the defendant's premises by
mistake, and he did not know that they were intoxicating, if he intended to sell
them, and they were in fact intoxicating.

On a complaint for keeping intoxicating liquors with intent unlawfully to sell the
same, there was evidence for the government that the defendant had in his
possession lager beer containing more than three per cent of alcohol, by volume,
at sixty degrees Fahrenheit.  The defendant testified that he ordered three per
cent beer; that the lager beer was left by mistake; that he did not know that
he had any lager beer; and that, if he had found, when he opened the beer, that
it was lager beer, he should not have sold it.  He asked the judge to instruct
the jury, that, if they found that the lager beer was there by mistake, that
he did not know it was lager beer, and that he did not intend to sell the same
when the opportunity presented itself to him to know its true character and
when he did know the true nature of it, and that he would have found out its
true nature when he attempted to sell it, he could not be convicted.  Held, in
the absence of evidence that lager beer could be distinguished from three per
cent beer in any manner except by analysis, and in the absence of evidence that
the defendant intended to make an analysis, the request for instruction was
rightly refused.

COMPLAINT for keeping intoxicating liquors with intent un-
lawfully to sell the same in this Commonwealth.  Trial in the
Superior Court, before *Knowlton*, J., who allowed a bill of ex-
ceptions, in substance as follows:

The government introduced witnesses, who testified that they
found upon the defendant's premises, in different cases, beer in
bottles known as lager-beer bottles; that four bottles of this
beer were taken by the officers, one from each case.  It was
agreed that in one of these bottles so taken the beer contained
more than three per cent of alcohol, by volume, at sixty de-
grees Fahrenheit.  The contents of the other bottles were not
analyzed.

The defendant offered to show that, when he purchased this
beer, he ordered what is known as three per cent beer, and did
not order lager beer; that he did not know that any lager beer
was upon his premises; that the case containing the lager beer
or beer that contained more than three per cent of alcohol was
brought there by the person of whom he ordered the three per

cent beer, and was left by mistake; that he purchased this beer in good faith for three per cent beer; and that if he had found, when he opened the beer, that it was lager beer, he should not have sold it.

The defendant asked the judge to instruct the jury as follows: "1. If you find that the defendant ordered in good faith a beer which the law permits him to sell, known as three per cent beer, and that he did not order lager beer, and that the case of lager was left there at his place by mistake on the part of the person delivering it, and through no fault of his, and that the defendant honestly believed that he had nothing except three per cent beer upon his premises for sale, and did not intend to sell anything which he had not a right to sell under the law, then he should not be found guilty. 2. If the jury shall find that the defendant believed that he had not any lager beer in his possession to sell, but did believe and had good reason to believe that the beer which he had to sell was not lager beer, but a beer known in the market as three per cent beer, which he had a right to sell under the law, and that he did not intend to sell any lager beer, and did not know that he had any lager beer in his possession to sell, then he cannot be convicted under this complaint. 3. Before you can convict the defendant under this complaint, you must be satisfied, upon the evidence, that the defendant knew, or had good reason to know, that the beer which he had in his possession to sell was a beer which he was prohibited by law to sell. 4. If the jury shall find that the lager beer found with the defendant was there by mistake, and that the defendant did not know it was lager beer, and did not intend to sell the same when the opportunity presented itself to him to know the true character of the beer and when he did know the true nature of it, and you find that he would have found out whether it was lager or not when he attempted to sell it, then he cannot be convicted under this complaint."

The judge declined to give any of said instructions in the form in which they were requested, and ruled that, in order to convict the defendant, it must be proved that, at the time referred to, he kept for sale intoxicating liquor, that is, that he kept in his place of business liquor which was in fact intoxicating, intending to sell it as he had opportunity; and that, if that

was proved, it would be no defence for the defendant to show that he was mistaken as to the kind or quality of liquor, or that he ordered or bought it for liquor which was not intoxicating, and believed that it was not intoxicating, or that the person who delivered it was mistaken about its quality.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. R. Thayer*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

FIELD, J. At the argument in this court, the counsel for the defendant conceded that, if the defendant kept the beer with the intention of selling it, it was not a defence to show that he believed that the beer contained not more than three per cent of alcohol. The keeping of intoxicating liquor for sale without a license is prohibited from considerations of public policy, and the defendant was bound to know the kind and quality of the articles he kept for sale. *Commonwealth* v. *Boynton*, 2 Allen, 160. *Commonwealth* v. *Goodman*, 97 Mass. 117. *Commonwealth* v. *Raymond*, 97 Mass. 567. *Commonwealth* v. *Hallett*, 103 Mass. 452. The ruling of the court was in accordance with this view of the law, and the first three instructions asked for by the defendant ought not to have been given.

There is more difficulty in considering the fourth request. The counsel for the defendant contends, that if the defendant kept the beer, not with the absolute intention of selling it, but with the intention of first testing or analyzing it in order to ascertain the amount of alcohol it contained, and then of offering it for sale only if it was found to contain not more than three per cent of alcohol, he could not be convicted. It is unnecessary to determine the correctness of this contention. The fourth request is not predicated upon the assumption that the defendant actually had the intention of testing or analyzing the beer before offering it for sale, but upon the assumption that he would have found out that the beer was lager beer before he attempted to sell it, and that, if he had found this out, he would not have sold it.

It is implied in the exceptions that what is called three per cent beer is different from lager beer, but it is not found or implied that they differ except in the amount of alcohol they

respectively contain. It does not appear that they are distinguishable in appearance by persons having no special knowledge of beer, or that one is anything more than a weaker solution of the other.

It may be that if a person, for example, keeps soda water in bottles for sale, and if by mistake a case of lager beer instead of soda water has been left at his place of business by the person of whom he has ordered soda water, he could not be convicted of keeping lager beer for sale, if he never intended to sell lager beer, and if the mistake would have been detected before the lager beer was offered for sale, and the beer would not have been sold by him. Soda water and lager beer are articles of different kinds, easily distinguishable at sight, and a person may well intend to deal in one and not in the other. If, however, a person keeps beer containing alcohol for sale without a license, intending that the beer shall not contain more than three per cent of alcohol, and by mistake he buys beer for sale which contains more than this amount of alcohol, he may be said to keep this beer with the intention of selling it, unless his intention is that the quantity of alcohol in the beer shall be ascertained by examination or analysis before it is offered or exposed for sale. This is merely a mistake in the quality of the article he intends to sell, which may or may not be discovered before he sells it.

The defendant testified " that he purchased this beer in good faith for three per cent beer; and that if he had found, when he opened the beer, that it was lager beer, he should not have sold it; " and that the beer found on his premises was left there by mistake. The nature of the mistake does not appear, unless it was the mistaken belief on the part of the buyer, and perhaps of the seller, that the beer did not contain more than three per cent of alcohol. Upon this evidence, the jury were not required to speculate upon the probability of the defendant's finding out that the beer contained more than three per cent of alcohol before he sold it, in the absence of evidence that he actually intended to test the beer before he offered it for sale.

*Exceptions overruled.*