STATE *v.* CORNISH.

It is no defence to an indictment under the statute for bringing from another state and leaving in a town in this state a pauper having no settlement there, that the defendant believed such settlement to exist.

INDICTMENT, for bringing one Emma R. Gee, a poor and indigent person, having no visible means of support and no settlement in Claremont, from Massachusetts into Claremont, in this state, and leaving her there with intent to make the town of Claremont chargeable with her support.

As bearing upon the question of criminal intent, the defendant offered the public statutes of Massachusetts, *c.* 79, *ss.* 2, 9, 14. The evidence was rejected, and the defendant excepted.   She also offered to show that prior to bringing Mrs. Gee into the state she investigated the matter of her settlement, and became satisfied that it was in Claremont.   The evidence was excluded, and the defendant excepted.   Verdict for the state, which the defendant moves to set aside for error in the above rulings.

BINGHAM, J.   The indictment is for a violation of Gen. Laws, *c.* 83, *s.* 6, which provides, in substance, if any person shall bring from another state and leave in any town in this state a poor and indigent person, having no settlement therein, and having no visible means of support, knowing such person to be poor and indigent, with the intent to charge such town with the support of such poor person, he shall be punished by fine or imprisonment.

Mrs. Gee had not a settlement in Claremont when the defendant carried her there; but the defendant offered evidence that she investigated the question of Mrs. Gee's settlement before bringing her into the state, and became satisfied that it was in Claremont, which was excluded.   This evidence tended to prove that the defendant committed the acts charged, innocently, believing she had the right to take Mrs. Gee to Claremont.   Did it constitute a defence if the right did not exist?

In the earlier history of the common law only such acts were deemed criminal as had in them the vicious element of an unlawful intent, indicating a deviation from moral rectitude; but this quality has ceased to be essential, and now acts unobjectionable, in a moral view, except so far as being prohibited by law makes them so, constitute a considerable portion of the criminal code. In such statutes the act is expressly prohibited, without reference to the intent or purpose of the party committing it, and is usually of the class in which the person committing it is under no obligation to act unless he knows he can do so lawfully.   Under these statutes it is not a defence that the person acted honestly and in good faith, under a mistake of fact.   He is bound to know the fact as well as the law, and he acts at his peril.   These statutes do not make a guilty knowledge one of the ingredients of the offence. *Commonwealth* v. *Wentworth,* 118 Mass. 441; *Commonwealth* v. *Boynton,* 2 Allen 160; *Commonwealth* v. *Emmons,* 98 Mass. 6; *Commonwealth* v. *Raymond,* 97 Mass. 567, 568; May Crim. Law 3; *Commonwealth* v. *Mash,* 7 Met. 472; *Commonwealth* v. *Farren,* 9 Allen 489; *Commonwealth* v. *Nichols,* 10 Allen 199; *Commonwealth* v. *Waite,* 11 Allen 264; *Commonwealth* v. *Elwell,* 2 Met. 190; *Commonwealth* v. *Thompson,* 11 Allen 23; *Hourigan* v. *Nowell,* 110 Mass. 470; *Barronet's Case,* 1 E. and B. 1; *Reg.* v. *Prince,* 2 C. C. R. 154—*S. C.,* 21 Am. R. 268, note; *Barnes* v. *State,* 19 Conn. 398; *State* v. *Goodenow,* 65 Me. 30; *State* v. *White,* 64 N. H. 48.

The statute on which the indictment is found comes within this class.   There was nothing morally wrong in bringing Mrs. Gee to Claremont, but the statute made it criminal without making a guilty knowledge one of the ingredients of the offence created; and when the defendant brought her there she assumed the perils of not knowing the facts as well as the law.

*Goshen* v. *Hillsborough,* 45 N. H. 139, was decided on the authority of *Deerfield* v. *Delano,* 1 Pick. 469, and *Greenfield* v. *Cushman,*

16 Mass. 393, which are now essentially overruled in Massachusetts.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.