COMMONWEALTH *vs.* THOMAS H. MILLS.

Bristol.     October 24, 1892. — November 25, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Complaint for having Oleomargarine with Intent to sell illegally.*

On a complaint under the St. of 1886, c. 317, § 1, charging the defendant with having in his possession, with intent to sell, oleomargarine in a tub not marked as required by that section, the exceptions recited that the tub " was not, on the date of the offence alleged in the complaint, exposed for sale, nor was it so situated that it could be seen by customers of the defendant," and that it also appeared " that the defendant had bought said package for the purpose and with the intention of selling the said oleomargarine contained therein at retail in said store, but that he did not intend to sell the oleomargarine contained in this tub, or expose the same for sale until the marks had been examined, and, if not marked in accordance with law, to mark the tub before opening the same." *Held,* that these facts showed that the defendant had no intention of selling the oleomargarine in the form in which it was, but was storing it with the intention of properly marking the package, if it was not already properly marked, before he offered the oleomargarine for sale or intended to sell it, and that the jury were not warranted in finding the defendant guilty.

Because of the absolute prohibition against selling intoxicating liquor without a license, the intent to sell may be often inferred from facts which would not warrant the inference of an intent to sell other merchandise in the form in which it was found, when the person having it in his possession had a right to sell it if it was properly marked, and had the right to so mark it after receiving it, and before he exposed it for sale or intended to sell it.

FIELD, C. J.   This is a complaint under St. of 1886, c. 317, § 1, charging the defendant with having in his possession, with intent to sell, oleomargarine in a tub not marked as required by said section. It appeared that the defendant had a license

from the United States as a retail dealer in oleomargarine under the U. S. St. of August 2, 1886, § 3, 24 U. S. St. at Large, 209. This statute of the United States makes § 3243 of the Revised Statutes of the United States applicable to such a dealer, and it is not contended that the license of the United States is any defence to the complaint. It appears that the tub which was found not properly marked on the bottom contained about thirty pounds of oleomargarine, which had been manufactured in Providence, Rhode Island, and sold to the defendant. The statute of the United States which we have cited provides in § 5 that the packages of oleomargarine shall be marked and branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe. It does not appear what the regulations of the Commissioner of Internal Revenue concerning the marking and branding of oleomargarine were at the time this tub was bought, but the statutes of the United States are cited for the purpose of showing that the regulations for marking oleomargarine under these statutes may not be the same as are prescribed by our statutes. Dealers in oleomargarine in this Commonwealth may often receive packages of oleomargarine from manufactories in other States marked according to the laws of the United States, and not according to the laws of this Commonwealth. If, on receiving such packages they store them with the intention of marking them as required by our statutes before they either expose them for sale, or sell them or intend to sell them, there is no violation of our laws. It was a question of fact, then, whether the defendant had in his possession with intent to sell packages of oleomargarine not marked as required by our statutes. The exceptions recite that " the tub in question was not, on the date of the offence alleged in the complaint, exposed for sale, nor was it so situated that it could be seen by customers of the defendant"; and that " it also appeared from the evidence that the defendant had bought said package for the purpose and with the intention of selling the said oleomargarine contained therein at retail in said store, but that he did not intend to sell the oleomargarine contained in this tub, or expose the same for sale until the marks had been examined, and, if not marked in accordance with law, to mark the tub before opening the same." '

Taking these facts to be true, we are of opinion that the jury were not warranted in finding the defendant guilty. They show that the defendant had no intention of selling the oleomargarine in the form which it was in, but was storing it with the intention of properly marking the package, if it was not already properly marked, before he offered the oleomargarine for sale or intended to sell it. Under complaints for keeping intoxicating liquor with intent unlawfully to sell it, the intent is a question of fact to be proved; *Commonwealth* v. *Ham*, 150 Mass. 122; but because of the absolute prohibition against selling without a license, the intent to sell may be often inferred from facts which would not warrant the inference of an intent to sell other merchandise in the form in which it was found, when the defendant had a right to sell it if it was properly marked, and had the right so to mark it after receiving it, and before he exposed it for sale or intended to sell it. See *Commonwealth* v. *Savery*, 145 Mass. 212.

*Exceptions sustained.*

*S. L. Powers*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.