Ballwin, J.
Ernst Altschul was convicted before a justice of the peace on a trial by jury for selling adulterated wine in violation of the act of March 26, 1891, 88 Ohio Laws, 231.
*215 He filed a petition in error in the court of common pleas, where the judgment of the justice was affirmed, and he filed in this court a petition in error to reverse the previous judgments.
He claims that the justice erred in refusing his request to instruct the jury “ that they must be satisfied from the evidence beyond a reasonable doubt that the defendant must have known the wine to have had alcohol and sugar unlawfully introduced before they would be warranted in finding defendant guilty.”
The statute does not in terms require knowledge of adultteration on the part of the accused.
The first section defines what wine ‘‘shall be denominated as adulterated wine,” and adds “Any person or persons who shall manufacture or cause the same to be done with intent to sell, or shall sell, or offer to sell, any of such wine or beverage, shall be guilty of a misdemeanor.” Then follows the provision for punishment, fine and forfeiture and destruction of the wine.
The second section of the act defines “ pure wine;” the third, the word “wine,” and the fourth “ compounded wine.”
Although in many crimes and misdemeanors there must be a criminal knowledge and intent, the legislature has power to punish without such knowledge and intent; and in the interests of public protection it sometimes does so.
The statute in question, though long in fact, is simple in its elements. It defines an article, and says selling it shall be punished. There are no qualifications as for what purpose or use, or with what intent, or to whom.
Some of the statutes of the state as to adulteration expressly mention knowledge as a requisite part of the offense.
The statutes as to sale of liquors have other qualifications as to place of use, time of sale, to whom ; this has none.
This statute comes fully and solidly within the form of'statutes in which it has been uniformly and many times laid down : *216 “Ignorance of facts is no defense when the statute makes the act indictable irrespective of guilty knowledge * * * so in selling adulterated food, etc.” Desty American Criminal Law, section 35, and eases cited.
The law is laid down and its policy strongly stated in Commonwealth v. Farren, 9 Allen, page 489. The statute provided : “Whoever keeps or offers for sale adulterated milk, or milk to which water or any foreign substance has been added, shall be fined,” etc. The defendant contended that the Commonwealth should prove the knew the milk to be adulterated. The court held otherwise, saying, page 490: “ It is of the greatest importance that the community shall be protected against fraud now practiced so extensively and skillfully in the adulteration of articles of diet by those who deal in: them, and the legislature deem it important that those who sell shall be held liable, notwithstanding their ignorance of the adulteration.”
It is easy to see that to require affirmative proof on the part of the state that the accused had actual knowledge of the adulteration, would put an end to very many meritorious prosecutions. To prove the contents of a man’s mind is always difficult, and the experience and means of knowledge of the accused are thorougly within his own cognizance, and not that of the state.
The cases go even beyond this, holding that the accused must know at his peril, and that such doctrine is necessary to protect the public.
The act we have before us, we think, intended to go to that extent. It carefully and exactly defines the offense, and then declares that every person who does that act shall be punished.
Out of the many cases on the general subject of knowledge I select only a portion of those relating to adulteration :
Barnes v. State, 19 Com. 397, (liquor); Commonwealth v. Nichols, 10 Allen 199, (milk); Commonwealth v. Boynton, 2 Allen 160, (liquor); State v. Smith, 10 R. I. 258, (milk); *217 State v. Hartfield, 24 Wisc. 60, (liquor); Commonwealth v. Hallet, 108 Mass. 452, (liquor).
A collection of other authorities will be found in 1 Am. & Eng. Cyclo. of Law, 209.
I do not cite as a direct authority the case of People v. Kibler, 106 New York 321, although there is there a forcible discussion of the policy of the law. In that case, however, the statutes themselves ex vi termini authorized the holding, as will be found by a careful examination of the case.
In Commonwealth v. Wentworth, 118 Mass. 441, the court say : “ Guilty knowledge is not one of the ingredients in the offense created imposing a penalty upon any person who shall sell or keep or offer for sale naphtha under an assumed name.” The acts are prohibited “ not because of their moral turpitude, or the criminal intent with which they are committed, but because they are dangerous to the public, as stated in Harrigan v. Newell, 110 Mass. 470, for the protection of the community. The law throws upon the vendor the responsibility and burden of keeping himself, at his peril, within the terms of the statute in dealing with a kind of article, the use of which has been found to be attended with great danger. 97 Mass. 567; 9 Allen, 489; 2 Allen, 160.” The same doctrine has been held in England. Regina v. Woodrow, 15 M. & W. 404, 806. See also, 3 Greenleaf Ev. § 21. May on Criminal Law, § 5, with considerable citation of authorities not here made.
There are no cases in our own courts that determine this matter, but on the general subject, under statutes dissimilar to this, the supreme court of this state has been more favorable to the accused than those of other states.
The whole subject is treated at some length in Wharton’s Crim. Law, par. 87, 88 (8th Ed.), where these differences are discussed historically. Says Mr. Wharton, the precedent in Ohio “ was set is a case rather political than judicial in its type.” Birney v. State, 8 Ohio, 130, for harboring a fugitive slave.
*218 The court in that case was of opinion that the peculiar phraseology of the statute indicated that the legislature intended as an element of the offense a guilty knowledge. The two cases most to be considered are Crabtree v. State, 30 Ohio St. 382, and Farrell v. State, 32 Ohio St. 456.
In the first case was cited the case of Miller v. State, 3 Ohio St. 475, when it was held that under an indictment for selling to a minor, or for selling to an intoxicated person, it was necessary to aver and prove that the seller knew the buyer to be a minor or a person intoxicated. The Crabtree ease was a prosecution “ for selling intoxicating liquors to persons intoxicated, or who are in the habit of getting intoxicated;” and the judgment below was reversed because testimony of defendant tending to show want of knowledge was rejected. The case most worthy of consideration is that in 32 Ohio St. 456, Farrell v. State. The first section of the syllabus in this case is: “ Where one does an act apparently in violation of a criminal statute, but in fact, under circumstances that tend to show a want of guilty intention, the excusing circumstances may be given in evidence on the trial to show his good faith in the transaction where that is a material element; or that he was ignorant of the facts that went to make his act criminal.”
The indictment was for selling intoxicating liquors to be drank in, upon, or about the building, etc. In the opinion it is said : “ It is not unlawful to sell intoxicating liquors in this state. The sale becomes unlawful only when sold with a purpose prohibited, or to prohibited classes of persons named in the statute.”
As to the second claimed defense (ignorance and good faith with reasonable diligence) the court said :
“ As to the second claimed defense, such ignorance of fact as would relieve the alleged transaction of all criminal purpose on the part of the accused is a defense.”
“In,such case the maxim of the ciminal law,icjnorantia faeti exeusat, applies to his case; the excusing principle of *219 this maxim applies with great force where the business is recognized as lawful, and a transaction in its prosecution only becomes criminal when it is carried on with a purpose to violate the law.”
It is impossible to reconcile the Ohio cases with many decisions of other states in cases identical with the facts of the Ohio cases.
It does not seem difficult to reconcile the Ohio cases as based on the main facts with the cases generally upon acts substantially identical with the act we are discussing.
Desty on American Criminal Law, sec. 35, lays down as a rule: “ When an offense is so defined by statute that the act of the offender is not a crime, unless some independent fact co-exists with it, ignorance as to the existence of such fact, of mistaken belief, in good faith and on reasonable grounds, that it did not exist, should excuse from crime; but a voluntary or negligent ignorance of such fact will not excuse.” An examination of the context and cases will show that principle will not cover the statute now discussed, but it will cover the statutes ruled upon in the Ohio cases.
In the case at bar the sale of the article especially defined in the statute is never lawful. No especial purpose or use or discrimination is allowed or provided for.
Adulterated wine is defined; to sell it is made actionable. In some other statutes of adulteration, knowledge is required by statute. We think the legislature intended the difference, and could hardly have indicated it more plainly, except by expressly saying that want of knowledge should be no excuse.
The Farrell case is also reported in 30 Am. Rep., p. 614, followed by a very full note, with fuller discussion and more authorities than we have cited.
The cases in 30 Ohio St. and 32 Ohio St. are, we think, not inconsistent with the proposition we first discussed. They are not inconsistent with the following rule laid down by Mr. Bishop: “ Where the statute is silent as to the defendant’s *220 intent- and knowledge, the indictment need not allege, or the government’s evidence show, that he knew the fact; his being misled concerning it is matter for him to set up in defense and prove.”
S. Q. Kerruish, for plaintiff in error.
Wm. T. Clarke, for defendant in error.
Bishop on Statutory Crimes, sec. 1022, and 675 & 729; 14 Ind. 403; 41 Ind. 162; 48 Ind. 789; 4 Ala. 21; 69 Ill. 523; 43 Ia. 282; 61 Ala. 75; 23 Minn. 549; 50 Ind. 22, and other cases.
If it were competent for the accused to prove in defense a want of knowledge, that would not make proper the charge asked in this case, and-we do not think that in either view of the matter which we have discussed the justice erred in refusing it.

The judgment is affirmed.