COMMONWEALTH *vs.* DANIEL F. MURPHY.

SAME *vs.* E. EDWARD ENOS.

Bristol.    October 28, 1895. — December 31, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Rape — Statute — Constitutional Law — Knowledge of Age of Consent.*

Under St. 1893, c. 466, entitled " An Act relative to the punishment for rape," one may be convicted for an assault with an intent to commit rape upon a female child under the age of sixteen years if she consents so far as she is capable of consenting.

The St. of 1893, c. 466, entitled "An Act relative to the punishment for rape," is not
  unconstitutional on the ground that it prescribes a cruel and unusual punishment.
On the trial of an indictment for rape, under St. 1893, c. 466, the defendant has no
  ground of exception to a refusal to instruct the jury that unless the defendant
  knew or had good reason to believe that the girl was under sixteen years of age
  he could not be convicted.

THE FIRST CASE was an indictment in four counts, alleging
that the defendant Murphy, on December 1, 1893, March 1,
April 1, and May 1, 1894, made an assault on Emma I. Armitage
and attempted to carnally know and abuse said Emma I., she
being a female child under the age of sixteen, to wit, of the age
of fourteen years.   At the trial in the Superior Court, before
*Braley*, J., a *nolle prosequi* was entered as to the first and third
counts.   The evidence offered by the government tended to show
that the said Emma I. went to the defendant's place of business
and also to his residence upon his invitation, and in consideration
of small amounts of money paid by him to her for the purpose
of having sexual intercourse or improper familiarities with him,
and there was evidence which would have justified the jury in
finding that she fully consented to the acts claimed to have been
done by the defendant, to wit, that he placed his private parts
against her private parts and attempted to have sexual inter-
course with her.

The defendant asked the judge to instruct the jury that,
"If the jury shall find that the acts done by the defendant, if
any, were done without any force or violence, or with the con-
sent of said Emma I. Armitage, the defendant must be acquitted."
The judge refused so to rule, and the defendant excepted.

It appeared in evidence that said Emma I. was born on July
24, 1880, but that the defendant had no knowledge of her age at
the time of the alleged acts, except that he had known her since
she was a small girl.

The defendant asked the judge to instruct the jury that,
"Unless the defendant knew or had reasonable cause to know
that said Emma was under sixteen years of age, he cannot be
convicted, although the jury should find that he did the acts
claimed by said Emma to have been done by him."   The judge
refused so to rule, and the defendant excepted.

The jury returned a verdict of guilty upon the second and
fourth counts; and the defendant alleged exceptions.

THE SECOND CASE was an indictment in four counts, alleging that the defendant Enos, on March 1, April 1, May 1, and June 1, 1894, made an assault on Miriam Stafford, and attempted to carnally know and abuse said Miriam, she being a female child under the age of sixteen, to wit, of the age of fifteen years. At the trial in the Superior Court, before *Braley*, J., it appeared in evidence that the said Miriam was born in England, and the government offered evidence, which was uncontradicted, that the date of her birth was April 12, 1879. It did not appear that the defendant had known said Miriam for any length of time, or had any knowledge, information, or belief as to her age.

The defendant requested the judge to instruct the jury that unless the defendant knew or had good reason to believe that said Miriam was under sixteen years of age, he could not be convicted. The defendant further requested the judge to rule that the St. 1893, c. 466, under which both indictments were found was unconstitutional, and that the defendant could not be convicted under it.

The judge refused so to rule, and directed the jury to return a verdict of not guilty on the first count, which they did; they also returned a verdict of guilty on the third count, and disagreed upon the second and fourth counts; and the defendant alleged exceptions.

*H. J. Fuller*, for the defendant in the first case.

*F. V. Fuller*, (*H. J. Fuller* with him,) for the defendant in the second case.

*A. J. Jennings*, District Attorney, for the Commonwealth.

KNOWLTON, J.   These cases may be considered together, as substantially the same questions are raised in both of them.

Under Pub. Sts. c. 202, §§ 27, 28, the question whether an indictment for an assault with an intent to commit rape upon a female child under the age of ten years can be maintained if the child consents to what is done, was very fully considered in *Commonwealth* v. *Roosnell*, 143 Mass. 32, and decided in the affirmative. This case must be deemed to have settled the law in this Commonwealth in accordance with the weight of judicial opinion, although there is some conflict of authority in other jurisdictions.

The several acts in amendment of § 27 above cited, which

raise the age of consent by girls to carnal connection, do not assume to change the nature of the offence to which they relate. One who unlawfully carnally knows and abuses a female child under the age of sixteen years is guilty of the same crime under St. 1893, c. 466, as one who committed the offence upon a child under the age of ten years, when Pub. Sts. c. 202, § 27, were in force. St. 1886, c. 305. St. 1888, c. 391. St. 1893, c. 466. There is no doubt of the intention of the Legislature to treat the crime of having carnal connection with a girl under the age of sixteen years as rape, even if she gives her full consent so far as she is capable of consenting.

The defendants contend that the statute last cited is in conflict with Article VIII. of the Amendments to the Constitution of the United States, and of Article XXVI. of our Declaration of Rights, because it provides for the infliction of a cruel and unusual punishment.

The first of these articles has no application to crimes against the laws of a State. *Commonwealth* v. *Hitchings*, 5 Gray, 482. Without implying that Article XXVI. of our Declaration of Rights is applicable to the statute before us, it is clear that the punishment prescribed is not cruel or unusual in kind.

There is some ground for the contention that the statute is a departure from the principles which lie at the foundation of our ancient law in regard to rape, and which justify the treatment of it as one of the most heinous crimes that can be committed. The legislation is different in character from the Sts. of 1886, c. 329, and of 1888, c. 311, which were enacted for the punishment and prevention of seduction. But whatever we may think of the policy of a statute that treats a girl fifteen years and eleven months old, however mature she may be in body and mind, as if she were incapable of committing the crime of fornication, and subjects a boy of the same age with whom she joins in sexual intercourse to a possibility of the same punishment as if he were guilty of murder in the second degree, the Legislature is ordinarily the judge of the expediency of creating new crimes, and of prescribing penalties, whether light or severe, for prohibited acts. We cannot say that the punishment prescribed for this offence, when the girl is nearly sixteen years of age and voluntarily participates in it, is beyond the constitutional power of the Legislature to inflict.

The presiding justice was asked to instruct the jury that, unless the defendant knew or had good reason to believe that the girl was under sixteen years of age, he could not be convicted. How far a mistake of fact in regard to the nature of his act may be availed of by a defendant in a criminal case is sometimes a difficult question to answer. In general, it may be said that there must be *malus animus*, or a criminal intent. But there is a large class of cases in which, on grounds of public policy, certain acts are made punishable without proof that the defendant understands the facts that give character to his act.

In such cases it is deemed best to require everybody at his peril to ascertain whether his act comes within the legislative prohibition. Among these cases are prosecutions for the unlawful sale of intoxicating liquor, for selling adulterated milk, for unlawfully selling naphtha, for admitting a minor to a billiard-room, and the like. *Commonwealth* v. *Farren*, 9 Allen, 489. *Commonwealth* v. *Raymond*, 97 Mass. 567. *Commonwealth* v. *Emmons*, 98 Mass. 6. *Commonwealth* v. *Wentworth*, 118 Mass. 441. *Commonwealth* v. *Savery*, 145 Mass. 212. *Commonwealth* v. *Connelly*, 163 Mass. 539. Considering the nature of the offence, the purpose to be accomplished, the practical methods available for the enforcement of the law, and such other matters as throw light upon the meaning of the language, the question in interpreting a criminal statute is whether the intention of the Legislature was to make knowledge of the facts an essential element of the offence, or to put upon every one the burden of finding out whether his contemplated act is prohibited, and of refraining from it if it is. The application of this rule to crimes like bigamy and adultery has led to some conflict of authority. *Commonwealth* v. *Hayden*, 163 Mass. 453, 457. *Regina* v. *Tolson*, 23 Q. B. D. 168. See *Commonwealth* v. *Presby*, 14 Gray, 65.

The defendants in the present cases knew that they were violating the law. Their intended crime was fornication at the least. It is a familiar rule that, if one intentionally commits a crime, he is responsible criminally for the consequences of his act if the offence proves to be different from that which he intended. See *Regina* v. *Prince*, L. R. 2 C. C. 154, 175.

*Exceptions overruled.*