## ED OWENS et al. v. STATE.

No. A-8326. May 28, 1932.
(11 Pac. [2d] 1080.)

L. A. Pelley, for plaintiffs in error.

J. Berry King, Atty. Gen., and Gus Rinehart, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the district court of

Jackson county of preventing and dissuading witnesses who had been duly subpoenaed from attending court. Defendant Pope was sentenced to serve a term of one year and one day in the penitentiary, and defendant Owens was sentenced to pay a fine of $200.

Defendants were prosecuted under section 1647, Comp. St. 1921. The record discloses that D. C. Pope, Jones Eakin, and Lee Blair were charged in the district court of Jackson county with rape; that Carrie Turner and Zeke Turner were material witnesses and were subpoenaed to attend the trial. Before the day the case was set, defendants took the Turners in an automobile to Wichita Falls, Tex., and thereby prevented them from attending as witnesses.

It is argued that the information is insufficient in failing to allege defendants had knowledge at the time they conveyed the Turners to Texas that they had been subpoenaed as witnesses. The information follows closely the language of the statute in part charging:

"* * * That on the 8th day of April, 1931, the 20th day of April, 1931, was duly set for the day of trial of said action, to which day the said Zeke Turner and Carrie Turner and each of them, were on the 13th day of April, 1931, duly subpoenaed in due course of law to appear and give evidence for the state in said action; that the said Ed Owens and Tom Pope on or about the 14th day of April, 1931, and subsequent to the service of said subpoena upon the said Zeke Turner and Carrie Turner, well knowing the premises and knowing that the said Zeke Turner and Carrie Turner were material witnesses for the state in said action as aforesaid, and devising to obstruct justice and maliciously intending to prevent and dissuade the said Zeke Turner and Carrie Turner from attending as witnesses as aforesaid, did, then and there, at and within said county and state, willfully, unlawfully, designedly,

fraudulently and feloniously use means, to wit: hired, employed, induced and dissuaded the said Zeke Turner and Carrie Turner to leave the jurisdiction of the said court, etc. * * *"

Knowledge is not made an ingredient of the offense defined by the statute. The general rule is that unless knowledge is part of a statutory definition of an offense, it is not necesssary to aver knowledge. State v. Cornish, 66 N. H. 329, 21 A. 180, 11 L. R. A. 191 note; 14 R. C. L. pages 196, 197 note 16; 31 C. J. 695, § 241. See, also, Bowes v. State, 8 Okla. Cr. 277, 127 Pac. 883; Bennett v. State, 21 Okla. Cr. 27, 204 Pac. 462.

Next it is urged there is no proof that the Turners were legally subpoenaed, the claim being that it is not shown there was any praecipe for subpoena. Sections 590, 871, 2826, 2827, 2828, 2829, 2830, Comp. St. 1921, have reference to the issuance and service of subpoenas and other process. A subpoena for a witness issued by the clerk of a court of record upon the application of the state or the defendant is valid process whether any praecipe for subpoena is filed or not.

We are pressed with the contention that the evidence is insufficient for the reason that there is no competent proof that such a case as alleged was pending in the court and that it was assigned for trial. As a matter of course, the proper way to have proved the case pending would have been to introduce the court records. Instead of doing this, the county attorney testified, stating in substance that the Turners were witnesses in the case of State v. Pope and others; that he issued or had the subpoenas issued; that the witnesses were material witnesses in the case; that at the time the case was called for trial, or shortly before, he learned that the witnesses were beyond the jurisdiction of the court, further testifying to incrimi-

nating statements made by defendants. This testimony is supplemented somewhat by the testimony of the deputy court clerk and a deputy sheriff who served the subpoenas and by the subpoenas introduced in evidence and the return. While the record is not in good shape, yet it is proven that the Turners were subpoenaed as witnesses in the case of State v. Pope and others. That the day following the service of subpoena they were taken outside the state by defendants for the purpose of preventing their attendance as witnesses in that case and they were thereby prevented from attending as witnesses. This is an obstruction of justice deserving severe condemnation.

Some complaint is made of error in the instructions, but considered all together they fully and fairly cover the law of the case. There is no error requiring a reversal.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.