Judge Ewing
delivered the Opinion of the Court.
Henry E. Green brought an action of covenant against David Trimble, on the following agreement:—
“ Henry E. Green has heretofore purchased, at a sale 44 made in pursuance of a decree of the Greenup Circuit 44 Court, in a suit of Mary Waring, executrix of Francis 44 Waring, deceased, and Joseph Shelton and others, in ‘‘ the Greenup Circuit Court, in Chancery, a tract of 44 land in Greenup county. Said Green has sold the 44 said land to D. Trimble, and agrees to convey to him “ whatever title he acquired by his said purchase, but “ without warranty. Said Green has also acquired the 44 right to, and control over, the balance of the decree 44 in favor of said Mary Waring, which was not satisfied 44 by the sale of the-said land. He also sells to said “ David Trimble, all the benefit of the residue of said 44 judgment and decree; and is to assign the same, but 44 without recourse to him, or Mrs. Waring, in any event. 44 Said David Trimble, in consideration of the said covenant “ of said Henry E. Green, to convey said land, and of the 44 transfer of the residue of said judgment, agrees to pay 44 to said Henry E. Green, twelve months from the 15th 44 day of May last, a sum equal to the whole amount of 44 said decree, including principal, interest and costs, 44 without regard to any thing having been paid thereon, 44 with legal interest thereon, from the 15th day of May 44 last till paid,” &c. Signed and sealed by both parties, and dated the 30th day of March, 1833.
The plaintiff avers, in his declaration, that, 44 he has 44 well and truly kept and performed all and singular the *354 “ covenants and conditions contained in said agreement, ‘‘ on his part to be kept and performed, because on the u 7th day of January, 1834, he assigned and transferred “ in writing the whole residue of said decree which had “ not been satisfied as aforesaid;” and then made the usual averments of a failure of the defendant to pay.
Jileas.
Demurrers — unstained; judgment ■for plaintiff, and .question here.
To the declaration, the defendant filed five several pleas. By the first, he avers, that the covenant to convey, and the covenant to transfer the residue of the decree, are precedent conditions, and that the plaintiff hath neither conveyed, or' transferred the residue of the decree.
The second plea avers, that the plaintiff represented that he had acquired the right to the judgment and decree, and the control over the same, and that he had not acquired the right to the said judgment and decree, and -control over the same, so as to transfer the same.
The third plea avers, that the plaintiff was bound to convey the land presently, and that he did not convey presently, or at any time prior to the 15th of May 1833, nor has he yet conveyed the same.
The fourth plea alleges, that the plaintiff had not given-notice to the defendant, of the amount of the decree, principal, interest and costs, at, any time since the date of the covenant or before; and that he did not know, prior to suing out the writ, what sum of money was due.
The fifth plea alleges, that the plaintiff did not keep and perform all the covenants and conditions contained in the said writing obligatory to be kept and performed on his part, but broke the same in this — that he did.not assign and transfer the whole residue of the judgment and decree, as alleged in his declaration.
To all the pleas there were demurrers and joinders; and the Court sustained the demurrers, and adjudged the pleas bad. And no other pleas being filed, upon a writ of inquiry, a verdict was rendered, and a judgment thereon; in favor of the plaintiff, for seven hundred and sixty four dollars, thirty cents, in damages, and costs. From this judgment, the defendant has appealed to this Court.
The writing sign^tra^tharjplT? has sold, and afoXf’t aTract of. land,_ §-c.; and raSo’nofsaidcovenant to convey t^'pay so much, m°»ey:here,i7te Vey is made the. derf’s^ovenant4” and the actual” condition precedent. But—
Wheretheagree^i™1 mísftf'a certain decree, Sr the^ms/er, de£’t agrees to neyfthe'transfer is a condition-p
The main question involved, and that whieh alone- is deemed essential to be considered by this Court, is whether the covenant to convey and to transfer the residue of the decree, are precedent conditions, to be performed by the plaintiff, to entitle him to his action for the money, against the defendant; or whether the covenants, on each side, are dependent or independent.
We are satisfied that the covenant to convey, on the part of the plaintiff, is not a precedent condition, to be performed by him before he has a right to his action for the money. Nor is a performance of his covenant to convey necessary to be averred, to entitle him to his action. The covenant to pay is not made in consideration of the conveyance, but in consideration of the covenant to convey. In relation to this covenant on the part of the plaintiff, it is evident, that the defendant dtd not look to the conveyance as his indemnity for the payment, but to the plaintiff’s covenant to convey, and to his right of action thereon for a breach. Hence, the language used is, in consideration of the plaintiff's covenant to convey &c. the defendant agrees to pay fyc.
Could we give the same construction to the covenant to transfer the residue of the decree, we should have but little difficulty in the case. But we can give no other construction to the covenant to transfer than that it is the transfer itself, and not the. covenant to transfer, that forms a part of the consideration of the covenant to pay. If the elipsis be supplied, the covenant will read thus:— “ Said David Trimble, in consideration of the covenant “ of the said Henry E. Green, to convey said land, and ” in consideration “ of the transfer of said residue &c. “ agrees to pay.” No other construction can be put upon the instrument without doing violence to- the language of the agreement. It was to the transfer that the defendant looked, in part, as his securityfor the payment, and not to his covenant to transfer. And unless there be some principle that will take this case out of the operation of the general rule, the transfer must be averred and proved, as a precedent condition to the plaintiff’s right to recover.
Where two parties sign a covenant, by which one binds himself to pay money,or do some other act by a certain day; and the other binds himself to do some act on his part, without fixing any time at or before which he will do it; if the act to bedone by thelatter(who does not stipulate as to time) is of such anature that it cannot bedone by the time fixed for payment or performance by the other party,, or may be fairly postponed beyond that time— thecovenants are independent, and either party may maintain his action, for a breach by the other,with out averring performance on his part. But if the act to bedone,but for the performance of which no time is fixed,, is of such a nature that it may be done presently, or before thetime fixed forperformance by the other party, then the covenants aredependent, and the plaintiff must aver performance on his part..
No time is fixed in the covenant, for the transfer; and it is laid down in Chitty and Saunders, that when no lime is fixed for the performance- of that which is the consideration of the money or other act, an action may be brought for the money or other act, before the performance ; for it appears, that the party relied upon, his remedy, and did not intend to make the performance a condition precedent. 1 Saunders, 320, note a, 4; 1 Chitty, 281.
If the principle be correct, as broadly as laid down? by those authorities, then as a day is fixed for the payment, and no day for the transfer, an action will lie for the money without averring a transfer. But by a careful examination of the adjudged cases referred to, we are satisfied, that the principle extracted is not sustained by them. In the case of Thorpe vs. Thorpe, 1 Salk. 171; Same case, 1 Ld. Raym. 665, Lord Holt says: “ That in “ executory contracts, if the agreement be, that the one “ shall do an act, and for the doing thereof, the other “ shall pay &c. the doing of the act is a condition, prece- “ dent to the payment, and the party who is to pay, “ shall not be compelled to part with his money till the “ thing be performed for which he is to pay.” But to this rule he laid down this exception: — “ if a day is apw pointed for the payment of the money, and the day is, “ to happen before the thing can be performed, an action w may be brought for the money before the thing be done. “ But when the day of payment is fixed, and is to hap- “ pen subsequent to the thing to be done by the contract, “ in such case, performance is a condition -precedent, “ and must be averred in an action for the money.”
In the case of Colonel vs. Briggs, 1 Salk. 113, “ An “ agreement was, that the defendant should pay so much “ money, six months after the bargain, the plaintiff trans- “ ferring stock.” Here time was fixed for the payment; no time definitely fixed for the transfer of the stock, yet they were ajudged by Lord Holt to be dependent covenants, and an action could not be maintained for the money,. or the stock,, without averring on the one side, a payment or tender,, and on the other a transfer or tender.
And the learned annotator upon Saunders’ Reports, in commenting upon the case of Pordage vs. Cole, 1 *357 Saunders, 319, where it was adjudged that an action lay for the money, without averring a conveyance of the lands, says, “ the money being appointed to be paid on a fixed day, which might happen before the lands were or could be conveyed.”
The transfer of a decree is a transitory act, and if no time is fixed for its performance, it must bo done presently, or in a reasonable time.
And so in the case of Pool vs. Tolcelser, 44 Sir Richard 44 Pool covenants with Sir Ralph Tolcelser, to serve him 44 with three esquires, in the wars of France,and Sir Ralph 44 covenants to pay so much money for the service; and 44 it was further agreed, that half the money should be 44 paid in England on a certain day before they went to 44 France, and the rest by quarterly payments, which 44 also might incur before the service, it was held that the 44 action might be brought for the money before the ser44 vice.”
Upon an examination of all these cases, the principle seems to be this: that when the act or duty to be performed by the plaintiff, be such, that it cannot, or from its nature, may not, be performed before the time fixed for the payment of the money, in such case, an action will lie for the money without averring the performance of the act or duty. For it cannot be presumed, that the defendant looked to the performance of the act or duty, as his security for the payment of the money, which from its nature, could not, or might not, by any fair interpretation of the contract, be performed before the day would arrive for the payment of the money. But when the day is fixed for the payment of the money, which is to be paid for and in consideration of an act to be done by the plaintiff, and which act is of such a nature that it may be done presently and before the day fixed for the payment, we apprehend the reason of the rule, as well as the fair interpretation of the intention of the parties, would require the act to be done as a precedent condition to the payment of the money.
Though no day be fixed for the transfer, in the case before the Court, the transfer is a transitory act, and may be done presently, and by the terms of the covenant tp transfer, is to be done presently, or in reasonable time. It does not from its nature require time to perform which must or may reach beyond the time fixed for the payment *358 of the money. We cannot presume, therefore, that the defendant intended to abandon his hold upon the transfer, as his best security for the payment of the money, especially when he has, in express terms, made the transfer the consideration, in part at least, of his covenant to pay.
'Where a covenant on the part of the plaintiff, forms a part only of the consideration of the defendant’s contract, and he has actually received a partial benefit, Sf a breach on the part of the plt’f, may be compensated for, in damages, plaintiff may maintain his action without averring performance on his part. But the reason of this rule is, that injustice might result from withholding from the plaintlif, all remedy on his covenant, when he has actually parted with some property, as a consideration for it. Therefore,the rule does not apply where the consideration ■ or “partial benefit” received,consisted of a covenant by plt’f, which remains unperformed.
But it is clear, that in this case the transfer of the de- ■ cree is not the whole consideration of the covenant to pay; but that the covenant to convey the land forms a part of the consideration. And it is contended by the appellee’s counsel, that when a covenant __ goes only to part of the consideration, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant without averring performance; and the note above referred to, in Saunders, is cited. We«SL are satisfied from a careful examination of the adjudged cases referred to, as well as a careful examination of a number of cases of modern date, that the principle laid down by the learned annotator, is not sustained to the unqualified extent that he has laid it down. Indeed, his own comments upon several cases, in the subsequent part of the same note, demonstrate that he has carried the principle beyond the reason of the rule. For he clearly shows, that to exclude the defendant from the privilege of relying upon the precedent condition, when the plaintiff’s covenant constituted only a part of the defendant’s covenant, it must be averred and shown, that the defendemt has received a partial benefit by the partial performance of part, on the part of the plaintiff, for which he would be left without remedy, if the defendant could defeat his action as to the whole, by relying upon his failure, to perform, perhaps, a small part of his covenant.
Chitty, in extracting the above principle from the adjudged cases, uses the following language: — “That when “ the plaintiff’s covenant or stipulation constituted only “ a part of the consideration of the defendant’s contract, “ and the defendant has actually received a ¡oartial benefit, “ and the breach on the part of the plaintiff, might be “ compensated in damages, an action may be supported. *359 “ against the defendant, without averring performance “ by the plaintiff.” 1 Chitty, 281. Here the reason of the rule is made to turn upon the partial, benefit which the defendant has received, and the injustice of permitting him to enjoy the same without remedy against him. The same authority goes on to remark — “In these cases « however, it seems necessary to aver in the declaration, « a performance of at least a part of that which the « plaintiff covenanted to do, or that the defendant has « otherwise received a partial benefit.”
covenant» vey certain land, ^.trallsfel' f cer" def’t;andincon~ covenant* to ^on-vey, fy the transstipulate» that he will pay •plaintiff so much money, in so many months. No time being fixed for the'transfer — a transitory act, it is to be done presently, or in a convenient time. And as the plaintiff, to maintain an action for the money, must aver performance according to the agreement, on his part, an averment that he did transfer the decree (not as soon as it could be conveniently donel but on a certain day after the money was due, without averring that the- transfer was then accepted, is not sufficient. But — -
In all the cases that we have looked into, where the rule has been made to apply, the defendant has received a partial benefit by the reception of money or property or vther thing. And in no case have we been able to find V the rule applied where the part consideration of the defendant’s covenant, was the execution of a covenant to •conyey, as in this case, without the actual conveyance. And indeed thé reason of the rule would not apply to such a case. 1 Starkie, 281; 7 Johnson’s Reports, 250; 1 H. Blackstone, 273; 2 Marsh. 360; 5 Littell’s Rep. 38.
We therefore conclude, that the bare covenant to convey land, embraced in the same instrument, without an averment of a conveyance, or the reception of a partial benefit by th^ defendant, by the reception of the conveyance, is &ot such a part consideration of the defendant’s covenant to pay, as will entitle the plaintiff to treat the Covenants on each side as independent, and to maintain his action for the money, without averring a transfer of the decree.
But the plaintiff has averred, that he did transfer the -decree on the 7th day of January, 1834. We cannot regard this as a sufficient averment. The 15 th of May, 1833, is fixed for the time of payment, and there being no day fixed for the transfer, and it being a transitory act, we have said it is to be done presently, or in reagonable time. By this construction, the day for the *360 transfer would fall due before the day of payment arrived. But from the day of the contract, up to the time fixed for the payment of the money, was certainly full reasonable time for making the transfer. And, if not made o,r tendered before that time, we must conclude that the precedent condition on the part of the plaintiff has not been complied with, so as to entitle him to complain that the defendant has not paid the money.
Where a party has committed a •breach of contract,by a failure to perform within the time' stipulated,if the other party after-wards accepts the performance, he waves the breach in that respect.
We certainly apprehend, that the plaintiff cannot withhold a compliance with the terms of his covenant (which was to be performed presently, or at any rate, by the day of payment,) to any distant day he may choose, and then comply, and ask the payment of the money. His covenant, which forms a precedent condition, must not only be averred to have been performed, but to have been performed according to its terms, to entitle him to hi«s action. '
It will not do for a carpenter who is bound to bviild a house by a given day, as a precedent condition to the payment of the money for it, to aver that he had finished the house twelve months after the day; and rely upon that averment as a compliance with his pre cedent condition.
But if the transfer has been made, and 'was accepted by the defendant, we would regard his acceptance as a waiver of the time for the performance of the covenant. 3 J. J.JMarshali, 25. But no such averment is made in the declaration.
We, therefore, without looking into the defects of the pleas, as the demurrers go first to to the declaration, pronounce the declaration defective, and reverse the judg- and remand the. cause that further proceedings may be had not inconsistent with the principles here settled.