## Big Run Coal Company v. Employers' Indemnity Company.

(Decided March 17, 1915.)

### Appeal from Clark Circuit Court.

1. Contracts.—The covenants in contracts, where both parties make promises of performance, are either independent or dependent covenants.

2. Contracts—Breach—Damages.—An independent covenant is where a promise goes only to a part of the consideration on both sides, and a breach of a covenant of that kind may be compensated for in damages, and the party suing for the breach may maintain his suit without averring the performance of the other conditions, and a failure to perform an independent covenant will not prevent a recovery from the other party who has broken his covenant.

3. Contracts—Consideration.—Where the promise of a plaintiff forms only a part of the consideration for the defendant's promise, the plaintiff may maintain his action without averring performance on his part.

4. Contracts—Damages.—If the promise of the party injured was made upon the condition of the performance by the other party of a promise, which the other party has not kept, then he is discharged from his promise, otherwise he must perform his promise, and seek reparation in damages for the default of the other.

5. Contracts.—A dependent covenant in a contract is a promise of performance, which a party has made, upon the condition that the other party will either before or concurrently, perform some act, and if the party whose obligation it is to perform the precedent act fails to do so, he can not maintain an action for a breach of the dependent covenant.

6. Contracts—Breach—Damages.—If a party to a contract, in which there are mutual covenants, relies upon the covenant of the other party, and not upon his performance, he must rely for his remedy for a breach of the other's covenant, upon damages for the breach, and not upon a discharge of the contract, by reason of the breach.

7. Contracts.—Whether promises in contracts are independent or dependent, must be determined from the whole contract, and the order of time in which the promises are to be performed.

B. R. JOUETT for appellant.

PENDLETON, BUSH & BUSH for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellee, Employers' Indemnity Company, brought this suit in the Clark Circuit Court against the appellant, Big Run Coal Company, to recover from it the sum which it alleged the appellant owed it, as premium upon a policy of indemnity insurance, which it had, theretofore, issued to the appellant, and was accepted by it. By the contract relied upon, the appellee insured the appellant for the period of one year from September 30th, 1911, against loss or expense arising or resulting from claims against the appellant for damages on account of bodily injuries, including death at any time resulting therefrom, and accidents suffered by any employe or employes, by reason of the operation of the trade or business in which appellant was engaged. It was, also, provided in the policy, that if any suit was brought against the appellant to enforce a claim for damages on account of any accident covered by the policy, the appellant would immediately give notice to the appellee, and appellee undertook, at its own cost, to defend against such proceedings, in the name and on the behalf of the appellant, or to settle the same. The appellant agreed that it would not settle any claim, except at its own cost, nor incur any expense, nor interfere in the negotiations of a settlement of any legal proceedings against it, without the consent of the appellee, except that at the time of an injury, the appellant might provide such immediate surgical relief as was imperative, and any reasonable expense so incurred, the appellee agreed to pay. There were other undertakings provided for in the policy of insurance on the part of the appellant and appellee, which are not necessary for the purposes of this opinion, to be mentioned. The policy, however, provided that it might be cancelled at any time, by either of the parties, upon written notice to the other party, stating when, thereafter, the cancellation should become effective, and that the date of the cancellation should be the end of the policy period. If the policy should be cancelled at the request of the appellant, the amount to be paid as a premium by appellant, should be the compensation for the full original policy period to the date of cancellation, and the earned premium calculated at the customary short rates, in accordance with a table printed on the policy. The estimated premium

to be paid upon this policy was $440.00, but by another clause in the policy, the premium to be paid was based upon the entire compensation, whether for salaries, wages, piece work, overtime, or allowances earned by the employes of the appellant during the period of the policy, and if such entire compensation should exceed the sum of $440.00, the appellant should immediately pay the appellee the additional premium earned, and if such compensation was less than the sum set forth above, the appellee agreed to return the unearned premium when determined, but, it was agreed that $50.00 should be the minimum earned premium. The schedule shows that the premium rate per $100.00 of compensation to be paid for the policy, was $1.10, and the table of short rates provides, that a policy issued for one year, and continuing for only three months, the premium should be forty per cent. of the premium for the full year. The petition alleged that the compensation paid employes by the appellant for the three months, during which the policy was in force, was $11,482.45, and that during that time the policy earned forty per cent. of the full annual premium, which amounted to the sum of $202.65. The policy was cancelled by the appellant at the end of three months, by notice given the appellee, as provided by the contract, and appellee made demand that the appellant pay it the $202.65, as the earned premium for the time in which the policy was in force. The appellant, by its answer, denied its obligation to pay the amount sued for, and alleged that the short rate premium provided by the policy to be paid for the time the policy was in force, should be forty per cent. of the annual rate of $1.10 per each $100.00 of the compensation paid by the appellant to its employes during said time, and that thus calculated, the total premium to be paid under the contract was only $50.52. It further plead, by its answer and amended answer, that on the 4th day of October, 1911, an accident occurred to one of its employes, covered by the policy contract, and that it gave notice of the accident on the 5th day of October, 1911, and it was compelled to and did expend for immediate surgical relief, on account of the accident, the sum of $20.00, which, it alleged was reasonable, and requested the appellee to reimburse it in that amount, but that it failed and refused to do so, and that by reason of said failure, and because of the fact that it became apprehensive

that the appellee was insolvent; it gave the notice for cancellation of the policy, to become effective on the 31st day of December, 1911; that it gave said notice on the 5th day of December, 1911; and that the failure of the appellee to pay the $20.00 was such a violation of the contract, that the appellant had a right to treat the contract as discharged, and was not obligated to pay any premium upon the policy, whatsoever. The appellee demurred generally to the answer as amended, and upon a hearing, the court sustained the demurrer. The appellant declined to plead further, and the court rendered judgment in favor of appellee for the amount sued for, to all of which the appellant excepted and appealed to this court.

There does not seem to be any doubt, that the amount for which judgment was given was correct, according to the terms of the policy. The policy provides, that the premium shall be based upon the entire compensation, whether for salaries, wages, piece work, overtime, or allowances earned by the employes of appellant, during the period of the policy. The cancellation was at the request of the appellant, and under that state of case, the earned premium was the compensation for the full original policy period, to be calculated upon the basis of the compensation to the date of cancellation, and the earned premium calculated at the customary short rates, in accordance with the table printed on the policy. This clearly means that the earned premium is forty per centum of what the entire premium for the full year would have been, computed upon the basis of compensation to the date of cancellation.

As to the second ground of defense, it becomes necessary to determine, whether the obligation on the part of the appellee to reimburse the appellant for moneys paid for surgical relief for employes, is a condition precedent to the obligation of the appellant to pay the premium on the policy, or whether it is not. The covenants in contracts, where both the parties make promises of performance, are of two classes. They are called independent and dependent promises. In the case at bar, if the payment of the premium is dependent upon the reimbursement of the moneys paid by appellant for imperative surgical relief, then the failure to make such reimbursements would be a defense to a recovery of the premium. An independent covenant is where a covenant

goes only to a part of the consideration on both sides, and a breach of such covenant may be compensated in damages, and an action may be maintained for a breach, without averring a performance of the other conditions. Hutchison v. Creel, 2 Litt., 349. The failure to perform an independent covenant will not prevent a recovery from the other party, who has broken his covenant. Stephens v. Tipton, 5 Litt., 38. In the case of Trimble v. Green, 3 Dana, 358, it was held that where the covenant of a plaintiff formed only a part of the consideration of defendant's contract, and he has received a partial benefit, and a breach by the plaintiff may be compensated for in damages, the plaintiff may maintain his action without averring performance on his part. The rule, as stated in 9 Cyc., 641, 642, is as follows: "But one of the parties may claim that although he has broken his promise, wholly, or in part, the contract is not thereby brought to an end, nor the other party discharged from his liabilities. We have then to ascertain whether the promise of the party injured was given conditionally on the performance by the other of that in which he has made default. If it was, he is discharged from his promise; if it was not, he must perform his promise and bring an action for the damages occasioned by the default of the other." * * * "But it may be said generally, that where a person makes a promise to another, in consideration of a promise by the latter to him, and has not in express terms, or upon a reasonable construction of the contract made the performance of his promise to depend upon performance by the other party, he is not discharged by the latter's breach of his promise." "Where, by the terms of the contract, the time to perform the covenant on one side is to arrive, or may arrive before the time for the performance of the covenant on the other side, the former is not dependent on the latter." It was held in the case of Allen v. Sanders, 7 B. M., 593, that if a party to a contract relies for indemnity upon the covenant of the other party, he will be left to his remedy upon it. It has, also, been held, that whether promises in contracts are independent or dependent must be gathered from the contract and the order of time in which the promises are to be performed. Horine v. Best, 2 Bibb., 548; McCall v. Welch, 3 Bibb., 290; Henitt v. Berryman, 5 Dana, 165;

Corn v. Lewis, 5 Litt., 66; Singleton v. Carroll, 6 J. J. M., 528; McLure v. Rush, 9 Dana, 65.

Applying the principles, *supra,* and the rules held in the cases above mentioned, to the contract of insurance relied upon in the case at bar, it will be observed, that the time provided in the policy for the payment of the estimated premiums, is upon the date of the policy, and not after the expiration of the policy. The parties could not then, when making the contract, have centemplated, that the payment of the premium sued for, depended upon the reimbursement to the appellant of money paid for surgical relief, during the continuance of the policy. The appellant relied upon the covenant of appellee to make the reimbursement, and must now rely upon that covenant. This covenant to make the reimbursement goes only to a part of the consideration on both sides, and a breach of it may be compensated in damages. The appellant received the benefit of the contract in the insurance received during the continuance of the contract. After appellee had failed to make the reimbursements complained of in the answer, the appellant continued to enjoy the benefit of the contract for nearly three months thereafter, and made the cancellation, at last, in accordance with the terms of the contract, and never repudiated it. At the time appellant demanded of appellee to make the reimbursement, it then owed appellee the estimated premium on the policy. The promise to pay the premium was not a covenant by the appellant, conditioned or dependent upon the reimbursement by the appellee of the moneys paid for imperative surgical relief, and the failure of appellee to make the reimbursement, did not discharge the contract, as far as appellant was concerned. It could have plead the sums paid for the surgery, as a counterclaim, but it did not do so.

It is, therefore, ordered that the judgment appealed from be affirmed.