### JOSEPH WEAVER & SON v. HOME LIFE & ACCIDENT CO.  (No. 578.) ·

(Court of Civil Appeals of Texas. Beaumont. April 13, 1920.)

1. Insurance ⬅150—Rider on compensation insurance policy held not to have modified short rate cancellation clause.

A rider appended to a policy of workmen's compensation insurance issued to an employer *held* not to have modified the short rate cancellation clause which had been duly approved by the *commissioner of banking and insurance,* and hence, where the policy was canceled before expiration of the period it had to run, the premium must be computed according to the short-rate cancellation clause.

2. Insurance ⬅183—Premium on workmen's compensation policy to be computed on basis of remuneration to date of cancellation.

Where a workman's compensation insurance policy issued to a master was canceled in less than the year it had to run, premiums up to the date of cancellation should be computed on the basis of remuneration paid by the master up to time of cancellation, and cannot be diminished on theory that the pay roll computed on basis of an entire year would be less than the amounts paid up to the time of cancellation.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Action by the Home Life & Accident Company against Joseph Weaver & Son. From a judgment for plaintiff, defendants appeal. Affirmed.

Collins & Morris, of Beaumont, for appellants.

Andrews, Streetman, Logue & Mobley, of Houston, for appellee.

WALKER, J. This cause was tried in the district court of Jefferson county · by the court, without a jury. Judgment was rendered in favor of Home Life & Accident Company, appellee, against Joseph Weaver & Son, appellants, for the sum of $1,484.37 principal and $117.48 interest. Weaver & Son have appealed from this judgment. The trial court filed the following conclusions of law and fact:

"Findings of Fact.

"There having been filed an agreement, signed by the attorneys, covering practically all, if not all, the material facts in the case, in conformity with said agreement I find as follows:

"The policy of workmen's compensation insurance sued upon, copy of which is attached to plaintiff's petition, was issued by plaintiff to defendants to run for a period of one year, beginning, as shown on the face of said policy, on April 6, 1918. The policy did not in fact remain in force for the period for which it was written, due to the fact that the defendants canceled same, or caused same to be canceled upon their application, at a time when they were not retiring from business. The policy was actually in force and effect for 73 days. The rate of premium stipulated in the policy was $3.68 upon every $100 of defendants' pay roll for the class of employment insured. The policy sued upon, including the short-rate table of cancellation, appearing on the back and referred to in the policy, was approved by the commissioner of insurance and banking on September 10, 1915, except that the rider referred to in defendant's pleading was not attached to the policy approved by the commissioner. This rider is the one which refers to the payment of premiums monthly.

"For the period of time that the policy was actually in force, and computed upon the basis of $3.68 per $100 of the actual pay roll during said period, the premiums amounted to $961.23. There was actually paid by the defendant $281.80. Disregarding the short-rate basis of cancellation provided for in the policy, the amount due and payable would be, therefore, $679.43. This amount has actually been tendered to the plaintiff by the defendants, after the filing of this suit, but before the trial. The suit was originally filed in the district court of Orange county, where the defendants resided, but by agreement of the parties, in conformity with the law, the cause was transferred from that court to this one. If the short rate cancellation basis provided in the policy is applied, the amount due and payable, after deducting the amount of $281.80 already paid, is $1,484.37. This conclusion is made by estimating the probable pay roll for the remainder of the policy year upon the basis of the actual pay roll for the period the policy was in force, and applying to the result the percentage found in the short-rate table. This conclusion is conceded to be correct by both plaintiff and defendants if made

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

upon that basis. It being asserted by the defendants that in order to properly apply the short-rate table it would be necessary to determine the actual pay roll for the remainder of the policy year, instead of making a calculation predicated upon the pay roll during the time the policy was in force. I find that there has been no showing as to what the pay roll in fact aggregated for the remainder of the policy year subsequent to the cancellation.

"It is also found that at the time of the issuance of the policy, and at all times since, the plaintiff has had a permit to do business in Texas and to write compensation insurance.

### "Conclusions of Law.

"I conclude, in view of the foregoing findings of fact, that the defendants are obligated and bound to pay to the plaintiff the sum of $1,484.-37, with interest thereupon from the date of the cancellation of the policy, to wit, June 18, 1918, at 6, per cent. per annum, which aggregates the amount of $1,601.85. I conclude that the approval of the policy filed with the commissioner of insurance and banking on September 10, 1915, fully meets the requisites of the law for application of the short-rate basis of calculation of premium, notwithstanding the subsequent amendment of the Compensation Act and the fact that the policy actually issued to the defendants by the plaintiff had a rider attached, as referred to in the findings of fact and as found in defendants' pleadings; the addition of said rider being the only difference between the policy as approved and the policy sued upon. I conclude that a proper construction of the short-rate cancellation provisions of the policy requires that in determining the pay roll for the entire year, in order to determine the short-rate premium, it is necessary to take the pay roll for the period of time the policy remained in force as a basis, and to calculate the entire pay roll for the year thereupon. In this same connection, and as affecting the contention of the defendants that it would be necessary to show what the pay roll for the remainder of the policy year actually was, I conclude that the obligation became payable as of the date of the cancellation, and the amount payable must be determined as of that time, and therefore that it is logically impossible to give to the policy the construction suggested by the defendants. I conclude that the plaintiff was not under any disability to sue, and that it complied with all the requisites of the law preliminary to the bringing and maintaining of this action. I conclude that it was unnecessary in law for the plaintiff to prove, as a part of its prima facie case, that the rate of premium contracted for in the policy, aside from the short-rate cancellation basis, was a rate which had been approved by the commissioner of insurance and banking, and in this connection hold that, if any difference between the rate contracted for in the policy and the rate approved by the commissioner of insurance and banking for the same class of insurance in fact existed, such difference should have been alleged, and proof thereof presented by the defendants as defensive matter."

The short-rate cancellation provision referred to in the above conclusions of fact is as follows:

"Without prejudice to the rights of any person interested in this policy as respects anything that may occur during the period that this policy is in force, this policy may be canceled by either party upon ten days' notice to the other party. * * * The earned premiums shall be computed upon the basis of the remuneration to date of cancellation. If such cancellation is at * * * employer's request, and he is not retiring from the business herein described, the earned premium shall be computed and adjusted at short rates in accordance with the table printed hereon. * * *"

The "rider" referred to is as follows:

"It is hereby understood and agreed that on or before the 10th day of each calendar month, beginning with the month next after the issuance of this policy, and ending with the month next after the policy period as therein described, the assured shall state to the company in writing, upon blanks furnished for that purpose, the amount of compensation earned by his employés during the preceding calendar month, or such part thereof as is within the full policy period, and shall on demand pay to the company the entire premium earned upon such compensation at the rates named in the policy.

"The sum of two hundred eighty-one and $^{80}/_{100}$ ($281.80) mentioned in this policy is a deposit only, which must be paid on delivery of the policy, and which shall be credited against the premium due in respect of the last month of this insurance."

Appellants contend: First, that this "rider" abrogated the short-term settlement plan provided in the original policy, as provided by the commissioner of insurance and banking; and, second, that if the short rate did apply under the terms of the policy, the premium was to be calculated on the basis of the compensation actually earned by their employes during the 12 months' period covered by the terms of the policy, and that the court was in error in basing the judgment on the amount earned during the 73 days from the issuance and delivery of the policy to its cancellation.

[1, 2] We do not sustain either of these contentions. First, there is no suggestion in the "rider" that it referred to, modified, extended, or limited in any way the terms of the short-rate cancellation clause. As this clause has been duly approved by the commissioner of banking and insurance, it was a valid and enforceable provision of the policy. This "rider" does not reduce this policy from a yearly contract to a monthly contract. By its terms it permitted appellants to pay the premiums monthly, rather than on the terms stated in the original policy, which contemplated and provided for the premium to be paid for the whole year in advance. Second, the trial court correctly calculated the premium due at the time the policy was canceled. It will be noted from the cancellation clause, as copied above, that "the earned premiums shall be computed upon the basis of the remuneration to date of the cancellation." We do not see how any other construction can be

given to this clause except the one used by the court in reaching the amount due, as fully stated in his conclusions of fact and law.

Finding no error, this cause is in all things affirmed.