**SAMPSON et al. v. TEXAS EMPLOYERS' INS. ASS'N.**

No. 3494.

Court of Civil Appeals of Texas. Beaumont.

June 6, 1939.

Rehearing Denied June 14, 1939.

John H. Benckenstein, of Beaumont, for appellants.

David C. Marcus, of Beaumont, for appellee.

O'QUINN, Justice.

Appellee, Texas Employers' Insurance Association, filed suit against appellants, B. Sampson, J. L. Eisen and Mose Sampson, individually and as partners composing the partnership firm of Sampson Iron & Supply Company, to recover the amount of premiums alleged to be due and owing to it by said partners under a workmen's compensation insurance policy issued by it to said partnership. The suit was one for debt, for premiums earned and due under said policy while same was in effect, the said policy having been cancelled by appellants 69 days after being issued. It was not a suit for damages for cancellation, as might be inferred from appellants' pleading and brief.

The case was tried to the court without a jury, upon an agreed statement of facts. Judgment was for $1,643.81 as for earned premiums, and interest in the sum of $126.-26, totaling the sum of $1,770.07. This appeal is from that judgment.

Among other things, the agreed statement of facts shows (a) the insurance policy was issued and delivered and became effective on April 23, 1937. It was good for one year, or until April 23, 1938. (b) The form of the policy and all rates and classification set out in the policy were duly approved by the Board of Insurance Commissioners of the State of Texas. (c) The policy contained the following: "This policy is issued by the Company and is accepted by this Employer with the agreement that the classifications and rates of premiums are approved by and are subject to modification by the Board of Insurance Commissioners of the State of Texas in accordance with the manual and rating plans established by the Board of Insurance Commissioners, such approval being in accordance with the authority imposed in the Board of Insurance Commissioners by Law. Modification of rates of premium, either expressed in the Policy or upon any endorsement thereafter attached, shall be expressed by endorsement bearing the approval of the Board of Commissioners and naming the effective date of such change."

(d) The policy contained the following provision with respect to cancellation: "This policy may be cancelled at any time by either of the parties upon written notice to the other parties stating when, not less than ten days thereafter cancellation shall be effective. The effective date of such cancellation shall then be the end of the Policy Period. The law of any state, in which this Policy applies, which requires that notice of cancellation shall be given to any Board, Commission or other state agency is hereby made a part of this Policy and cancellation in such state shall not be effective except in compliance with such law. The remuneration of employees for the Policy Period stated in said Declaration shall be computed upon the basis of the actual remuneration to the date of cancellation determined as herein provided. If such cancellation is at the Company's request, the earned premium shall be adjusted pro rata as provided in Condition A. *If such cancellation is at this Employer's request, the earned premium shall be computed and adjusted at short rates in accordance with the table printed hereon, but such short rate premium shall not be less than the Minimum Premium stated in said Declarations.* If this Employer, when requesting cancellation, is actually retiring from the business herein described, then the earned premium shall be computed and adjusted pro rata. Notice of cancellation shall be served upon this Employer as the law requires, but, if no different requirement, notice mailed to the address of this Employer herein given shall be sufficient notice, and the check of the Company, similarly mailed, a sufficient tender of any unearned premium." (Italics ours.)

(e) There was printed on the policy, as a part thereof, *a table setting out the rates for short rate cancellation,* under which it provided that the *short rate* for cancellation of a policy in effect for 65 days would be thirty-three per cent of the annual premium and for cancellation of a policy in effect for 70 days would be thirty-five per cent of the annual premium.

On June 30, 1937, appellants in writing requested that the policy be cancelled effective immediately, and upon receipt of such request the policy was duly and legally cancelled as of July 1, 1937, and thus the policy was in effect for a period of 69 days. At the time appellants requested the cancellation of the policy and procured its cancellation, they were not retiring from business, nor contemplating any change in their business, but to the contrary ever since demanding and procuring the cancellation of said policy, have remained in the same business and are still conducting same. No payment of premium had been made. On August 6, 1937, an audit of appellants' (defendants below) books and payrolls was made to determine the amount of premium due under the policy for the time it was in force, that is from April 23, 1937, until July 1, 1937, and 35% of this amount was taken as the amount of premium due appellee. This calculation was made under and in accordance with the "short rate" provision when the insured (the employer) cancels the policy. The policy had printed thereon, as a part of the policy, a table setting out the rates for short rate cancellation, under which it was provided that the short rate for cancellation of a policy which had been in effect for 65 days would be 33% of the annual premium, and for cancellation of a policy which had been in effect for 70 days would be 35% of the annual premium. As before stated if the employer (appellants here) cancelled the policy the short rate method of computation would be used,

The amount ascertained to be due by appellants was found by the short rate method. Appellants insist that by this computation they are penalized by the exercise of a right they had to cancel their policy. That it is tantamount to a forfeiture, and is inequitable, unjust and subjects them to the payment of a much larger sum than if computed on a pro rata basis as is permitted under the policy where the insurer cancels the policy. It is further urged that appellants, when they learned that the amount of premium, if computed on the short rate basis as allowed by the policy when the cancellation is at the request of the insured, would be so considerably more than if computed on a pro rata basis, offered to and requested appellee to reinstate the policy, but that appellee refused, and so they should not be required to pay on the short rate basis. None of these matters have bearing on the rights of the parties under the written contract. State Fair of Texas v. Seay, Tex. Civ.App., 98 S.W.2d 232. The provisions under discussion were plainly set out in the contract, and are insisted upon by appellee. It is claiming only that which is plainly stated in the contract. Appellants say they did not know that the policy so provided, that they did not read the policy. They had the policy in their possession, but neglected to inform themselves of its provisions. They cannot urge ignorance of its contents in defense of appellee's right under its terms.

The question of the right of appellee to have the premium computed under the short rate method is the only question in the case. What we have said disposes of this, and it follows that the judgment must be affirmed.