## PORT IRON & SUPPLY CO. v. MOORE.
### No. 2339.

Court of Civil Appeals of Texas. Waco.

June 19, 1941.

Rehearing Denied July 17, 1941.

Burford, Ryburn, Hincks & Charlton and Logan Ford, all of Dallas, and John Benckenstein, of Beaumont, for appellant.

H. B. Houston, of Dallas, for appellee.

HALE, Justice.

On September 16, 1936, Casualty Underwriters, a reciprocal Exchange, issued two policies of insurance to its subscriber, Port Iron & Supply Company, effective for a period of twelve months, each providing that the amount of premiums to become payable thereunder was to be dependent upon the total amount of the subscriber's payroll for the ensuing year. On March 10, 1937, both policies were cancelled at the request of the subscriber. The Exchange instituted this suit in the District Court of Dallas county for the purpose of collecting the balance of the premiums due under said policies in accordance with the method of calculation therein provided. Thereafter, on August 11, 1938, the District Court of Travis county granted the petition of the State of Texas for the appointment of a receiver to wind up the affairs of the Exchange on account of its insolvency. The receiver thus appointed, after having duly qualified as such, caused himself to be substituted as plaintiff herein. The case was tried before the court without a jury and resulted in judgment for the receiver and from which the subscriber has appealed.

Appellant contends that the trial court erred in applying the short rate method of calculation set forth in the policies as a basis for arriving at the amount of premiums due by it, because it says good cause existed for an equitable rescission of the policy contracts, independent of the right of cancellation on the short rate tables as specified therein. As grounds constituting good cause for rescission, it says the undisputed evidence showed, among other things, that it was induced to accept the policies in question by reason of false statements made to it by agents of the Exchange as to the latter's solvency, sound financial condition and ability to service and pay claims and meet the obligations undertaken in the insurance contracts; that the Exchange breached its contract in that it failed to furnish appellant's employees reasonable medical and hospital services, failed to investigate and service claims with dispatch, and that it made false entries in its books in order to induce the Insurance Department of Texas to renew its license to operate. It asserts that if it is liable to appellee for any sum whatsoever, then the amount thereof should be computed and adjusted on a pro rata basis.

The record does not contain any findings of fact or conclusions of law or any request by either party for the same. Therefore, in passing upon the contentions of appellant, we must assume that the trial court found every issuable fact raised by the pleadings and tendered by the evidence in support of the judgment appealed from. We have carefully reviewed the evidence adduced and we are not prepared to say that the fact elements necessary and essential to sustain the defense urged by appellant were established conclusively by undisputed testimony. Moreover, we are of the opinion that the facts relied upon, even though they had been conclusively established, would not necessarily operate under all the evidence in the case to relieve appellant from the obligations of the contracts before us.

One of the contracts involved was a standard form workmen's compensation and employer's liability policy and the other was a public liability policy. Each provided, in substance, that the amount of premiums to become due and payable thereunder was to be determined by the entire remuneration earned by all employees of the subscriber during the policy year. Each provided a right of cancellation at any time prior to the expiration date by either the subscriber or the Exchange upon written notice to the other; that if the subscriber should cancel, without actually retiring from business, the premiums to become due and payable were to be computed and adjusted at short rates in accordance with the cancellation table therein contained; that if the Exchange should cancel, the premiums were to be computed and adjusted on the pro rata basis as therein specified.

There was no evidence tending to show that appellant, at the time it requested can-

cellation of the policies on March 10, 1937, knew anything about the financial condition of the Exchange, or of any false entries which it might have made in its books in order to disclose a condition of solvency. It was shown that appellant was not retiring from business and that the sole cause of its request for cancellation was its dissatisfaction with the manner in which the Exchange had serviced and was servicing the claims arising under the workmen's compensation policy. We therefore conclude that the false representations, if any, made by the agents of the Exchange which might have induced appellant to become a subscriber, are not of controlling importance in the case.

■ Furthermore, the evidence showed that during the period of time while the compensation policy remained in force, seventeen claims arose under it, all of which were adjusted and settled by the Exchange at a total expense of $3,210.21. The entire amount of earned premiums under the compensation policy for the same period of time, computed on the short rate cancellation table contained in said policy, was the sum of $2,756.76. It thus appears that appellant received and accepted benefits under the compensation policy of a monetary value considerably in excess of the premiums which it was obligated to pay under said contract. By virtue of the provisions of the Texas Workmen's Compensation Law, as embraced in Title 130 of Vernon's Ann.Tex.Civ.St., it enjoyed immunity from liability for damages on account of personal injuries sustained by its employees during that time. It also received the full protection provided in the public liability policy while the same was in force. Manifestly, it would be inequitable to permit appellant to invoke an asserted right of rescission of the contracts, under the conditions shown, and thereby retain all the benefits which accrued to it while the policies were in force, without paying any corresponding compensation for the valuable rights and immunity thus had and received.

While inducing fraud ordinarily affords a proper basis for an equitable rescission or cancellation of a contract, there are some exceptions to, and limitations upon, this general rule. In the case of Forman v. Irby, 115 S.W.2d 1229, error refused, this court held, for reasons therein shown and upon authorities there cited, that a subscriber to stock in a company organized to write insurance on the Lloyds plan was not entitled to rescind his subscription contract as against a receiver of such company who was representing subsequent creditors of the defunct company, merely because of fraud in inducing him to subscribe for the stock. We see no valid reason why the rules of law applicable to a defrauded subscriber for stock in a Lloyds plan insurance exchange organized under the provisions of Chapter 19 of Title 78 of Vernon's Ann.Tex.Civ.St., should not be equally applicable to a defrauded subscriber to a reciprocal insurance exchange organized under the provisions of Chapter 20 of Title 78 of said Statutes.

An examination of the books and affairs of the Exchange made by the Insurance Department as of April 30, 1938, showed the total assets of the Exchange amounted to $264,296.24, approximately one-half of which consisted of premiums in course of collection, with total liabilities of $499,042.15, thus leaving a net deficit of $234,745.91 after deducting its guaranty fund of $10,000. In the order of the District Court of Travis county appointing a receiver, the court found that there were many creditors, policy-holders and claimants having causes of action against the Exchange and therefore a master in chancery was duly appointed at that time to consider all such claims and report his recommendations thereon to the court. Under the circumstances, we can not hold as a matter of law or of equity that appellant was entitled to a rescission of the contracts, or to a cancellation of the same except upon the terms therein provided.

■ We think it is clear that if appellant did not have an equitable right to rescind the contracts here involved, then the amount of its premium liability must be measured by the valid provisions of the contracts which alone authorized the right of cancellation. Sampson v. Texas Employers Ins. Ass'n, Tex.Civ.App., 129 S.W. 2d 1159, error refused; Joseph Weaver & Son v. Home Life & Accident Co., Tex. Civ.App., 221 S.W. 299; Cooley's Briefs on Insurance, 2nd Ed., p. 4663.

Finding no reversible error in the case, the judgment of the trial court is affirmed.