ANCHOR CASUALTY CO. v. INLAND MO-
TOR FREIGHT, Inc., et al.

No. 906.

United States District Court
E. D. Washington, N. D.

June 18, 1951.

Witherspoon, Witherspoon & Kelley,
Spokane, Wash., for plaintiff.

Brown & Brown, Spokane, Wash., for
defendant.

DRIVER, Chief Judge.

Plaintiff filed a motion for summary
judgment and, on the same day, defend-
ants filed a similar motion. The motions
are based upon the pleadings, a stipulation
of the parties, admissions of the defend-
ants under Rule 36, Fed.Rules Civ.Proc.
28 U.S.C.A., and the deposition of the in-
dividual who is the president of each of
defendant corporations. From such sources
the following undisputed facts appear:

On April 1, 1949, defendants were en-
gaged in the operation of freight lines for
the transportation of freight by motor
trucks. Their motor vehicles were insured
against property damage and bodily injury
liability by plaintiff. The insurance policies
ran for periods of one year and were re-
newed annually. The last policy, which ran
from April 1, 1949 to April 1, 1950, was
written on a printed form to which a num-
ber of endorsements were attached. One
typed endorsement recited that the earned
premium should be computed and paid
monthly by applying to the gross receipts
as therein defined the rate of $.90 for de-
fendant Inland Motor Freight, Inc., and
$1.35 for defendant Pacific Highway
Transport, Inc. The endorsement stated
that it was "Subject in all other respects

to the limits of liability, exclusions, conditions and other terms of the policy."

On the last page of the policy, a section in print, headed "Cancelation" provided that:

"This policy may be canceled by the named insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancelation shall be effective. * * *

"If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata."

Also, on the last page and following the text of the policy there was a table headed "Short Rate Cancellation Table— For Term of One Year." According to the table, 27 per cent was to be charged or retained when the policy had been in force 61 days.

The policy was canceled by defendants, the named insured, June 1, 1949, after it had been in force for 61 days. During that period the gross earnings of defendant Inland Motor Freight, Inc., was $456,650.61 and the earned premium computed at the rate specified in the typed endorsement, mentioned above, was $4,109.85. The gross earnings of defendant Pacific Highway Transport, Inc. for the 61-day period, was $311,848.46, and the earned premium, $4,209.95. Defendants have paid plaintiff the earned premiums in the amounts just stated. The question to be determined is whether defendants, because of their cancellation of the policy, should be charged according to its short rate cancellation provisions—that is to say, 27 per cent of the annual premium. Plaintiff contends that the short rate should be applied and that it should be computed by dividing the earned premium for the 61-day period by 61; then multiplying by 365 to arrive at the estimated annual premium. The short rate would be 27 per cent of that sum. By that method of computation the unpaid

balance of the premium—that is to say, the short rate premium less the amount paid—would be $2,529.91 for defendant Inland Motor Freight, Inc., and $2,591.53 for defendant Pacific Highway Transport, Inc.

Defendants contend that the endorsement providing for payment of monthly premiums on the basis of percentage of gross receipts is inconsistent with the short rate provisions of the policy, and creates an ambiguity which, according to well recognized rules of construction, should be construed against the insurer. They further assert that, since only 61 days of the policy period had elapsed at the time of cancellation and the amount of the annual premium could not then be ascertained, there was no basis for computation of the short rate of 27 per cent of the annual premium.

■ I cannot agree that there is any ambiguity in the policy. The provisions as to earned premiums and short rate on cancellation can both be enforced in accordance with established precedents hereinafter cited, if the parties to the insurance contract so intended. And there is nothing in the earned premium endorsement to indicate that the parties intended to nullify the provision for payment of a special short rate premium on cancellation of the policy by the insured. On the contrary, the endorsement specifically provides that it is subject "in all other respects" to the conditions and terms of the policy.

■ The provision for payment of monthly premiums did not change the policy from an annual to a monthly contract. And it was not, as defendants' president testified in his deposition "a continuous policy" of insurance. The policy is complete in itself. It does not by its terms incorporate any portion of any other instrument or refer to any prior policy. The period is expressly stated to be one year.

■ The same endorsement which provided for monthly premiums, required the insured to pay a deposit premium of $4,-500.00 to be applied to the earned premium "for the last month of the policy period as computed above." On June 1, 1949, the policy was a valid and subsisting contract which by its terms would have expired on April 1, 1950. The right of cancellation

which defendants exercised was derived from the insurance contract and their premium liability upon cancellation must be measured by the same instrument.[1]

Provisions in insurance policies for higher short rate premiums upon cancellation by the insured have been upheld by the courts in cases such as the instant one where the computation of premiums is based upon the payroll or gross receipts of the insured for a definite period.[2]

Moreover, the method of computation of the short rate premium contended for by plaintiff as stated above—that is to say, the approximation of the insured's actual earnings for the policy period year, by obtaining the average daily gross receipts for the period the policy was in effect, and multiplying such average amount by 365—has been sanctioned.[3]

Plaintiff's motion for summary judgment will be granted.

1. Port Iron & Supply Co. v. Moore, Tex. Civ.App., 153 S.W.2d 319.
2. Aetna Life Ins. Co. v. American Zinc Lead & Smelting Co., 169 Mo.App. 550, 154 S.W. 827; Aetna Life Ins. Co. v. Kansas City Electric Light Co., 184 Mo. App. 718, 171 S.W. 580; Big Run Coal Co. v. Employers Indemnity Co., 163 Ky. 596, 174 S.W. 25; Joseph Weaver & Son v. Home Life & Accident Co., Tex.Civ. App., 221 S.W. 299; Maryland Cas. Co. v. Boise Street Car Co., 52 Idaho 133, 11 P.2d 1090.
3. See cases cited in footnote 2.