180   WILLAT FILM CORP. *v.* CENTRAL UNION TRUST CO.   NOS. 1–3.

First Department, June, 1927.                    [Vol. 221

WILLAT FILM CORPORATION, Appellant, *v.* CENTRAL UNION TRUST COMPANY OF NEW YORK, as Trustee under the Mortgage of WILLAT STUDIOS & LABORATORIES, INC., Dated October 1, 1921, Respondent, Impleaded with CENTRAL UNION TRUST COMPANY OF NEW YORK, as Trustee under the Mortgage of WILLAT FILM CORPORATION, Dated December 1, 1923, and Another, Defendants.   (Actions Nos. 1, 2 and 3.)

First Department, June 24, 1927.

Insurance — fire insurance — action by owner to recover insurance on real and personal property — respondent claims as trustee under mortgage of plaintiff's predecessor — policies were issued to predecessor " and/or " plaintiff — plaintiff had right to show that name of predecessor was used by mistake — plaintiff did not waive question of mistake or burden on trustee to show mortgage covered both real and personal property — finding that predecessor's name was used in binders by mistake does not show same thing as to policies — error to reject evidence to show exact situation — concession by plaintiff's counsel did not relieve trustee from showing right to insurance money.

Plaintiff and the respondent, who is a trustee under a mortgage given by plaintiff's predecessor, both claim the right to certain money arising on insurance policies from a fire loss. Plaintiff purchased the property but did not assume the mortgage under which the respondent is trustee. Thereafter, on plaintiff's application, binders were issued in the name of plaintiff's predecessor and the court found that the use of the name of plaintiff's predecessor was by mistake. The policies in question covered both real and personal property, while the mortgage was limited to real property only. The policies were issued in the name of the plaintiff's predecessor " and/or " plaintiff. The plaintiff had the right to show that the use of the name of the plaintiff's predecessor in the policies was a mistake, but the mere fact that the court found that the use of said name in the binders was a mistake did not prove that its use in the policies was likewise a mistake.

The evidence does not show that counsel for the plaintiff waived the right to show that the insurance was taken out for the benefit solely of the plaintiff or that he waived the right to require the respondent to prove that the mortgage under which it claims the money covers both real and personal property.

It was error for the court to reject testimony tending to show the exact situation when the policies were taken out, with a view to establishing that there was a mistake in issuing the policies in the joint names of the plaintiff and its predecessor.

A concession by plaintiff's counsel that the fire occurred on property mortgaged to the respondent and also on property owned by the plaintiff did not relieve the respondent from showing its right to the insurance moneys obtained from the destruction of the personal property. It was necessary for the respondent in order to recover to establish its right to the insurance moneys deposited by the company.

APPEAL by the plaintiff, Willat Film Corporation, from three judgments of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of New York on the 26th

day of July, 1926, upon the decision of the court rendered after a trial at the New York Special Term.

*Samuel Seabury* of counsel [*A. U. Zinke* with him on the brief; *L. & A. U. Zinke*, attorneys], for the appellant.

*Orville C. Sanborn* of counsel [*Donald C. Muhleman* with him on the brief; *Larkin, Rathbone & Perry*, attorneys], for the respondent.

FINCH, J. In three actions, tried as one, judgments were awarded at Special Term to the respondent Central Union Trust Company of New York, as trustee under the mortgage of Willat Studios & Laboratories, Inc., for certain insurance moneys theretofore paid into court by the three insurance companies on account of a fire loss under policies. The question upon this appeal is whether these insurance moneys which accrued under these policies of insurance issued to " Willat Studios & Laboratories, Inc., and/or Willat Film Corporation as now or may be hereafter constituted, or as their interest may appear," were properly awarded to the respondent, as trustee under said mortgage, which constituted a first lien on certain of the property destroyed.

The facts, in so far as necessary to show the reasons for the reversal, are briefly as follows: The defendant Willat Studios & Laboratories, Inc., will be herein designated as Studios Company, and the plaintiff Willat Film Corporation as Film Company. Studios Company, the then owner of certain studio and laboratory property, mortgaged this property to the Central Union Trust Company of New York, as trustee, for the benefit of the holders of bonds, which were issued under the trust mortgage. The mortgage contained a covenant by Studios Company to insure for the benefit of the trustee. Studios Company subsequently conveyed its property to Film Company by deed, which expressly made the conveyance subject to the foregoing mortgage, but there was no covenant of assumption of said mortgage by Film Company. Film Company subsequently issued its own mortgage to the same trustee. Thereupon an insurance binder in the name of Studios Company was issued on behalf of four insurance companies covering the studio and laboratory property, subject to the lien of Studios Company's mortgage to the trustee. The trial court found that this insurance binder was issued in the name of Studios Company by mistake, but refused to find that the name Studios Company was inserted in the policies of insurance (as distinct from the binder) due to a misunderstanding. Following the issuance of the binder it appears that the insurance broker of the applicant had some conversation with a representative in the office of the brokers who placed the insurance and subsequent to this conversation the

182 WILLAT FILM CORP. *v.* CENTRAL UNION TRUST CO. NOS. 1–3.

First Department, June, 1927. [Vol. 221

policies were issued not in the name of Studios Company alone, but in the name of Studios Company and Film Company as their interest may appear. A fire destroyed this property between the time the binder was issued and the time of the receipt of the insurance policies resulting in a loss. Following the fire loss the premium was paid by Nathan Stern individually. At that time Nathan Stern was president of both Studios Company and Film Company. Under these policies proofs of loss were duly submitted. The trust company gave notice to the insurance companies of its claim, as trustee under the mortgage from Studios Company, and thereupon the insurance companies refused payment. Film Company brought this action and the insurance companies interpleaded the trustee, and paid into court the amount of the loss as adjusted. Film Company contends that it has a right to show that the insurance taken out was not for the benefit of Studios Company. Also that the burden of proof is on the trustee to show that the mortgage under which it claims covers both real and personal property, since moneys deposited in court are claimed to cover real property and personal property. The trustee respondent on its part contends that in both these respects trial counsel waived any claim except upon the policies as written and that trial counsel also conceded that the mortgage of Studios Company to trustee covered all the insurance moneys involved herein. We are unable to find that either of these claims of respondent is substantiated by the record. To the claim of the attorney for the trustee that the policies as introduced in evidence are the basis of the rights of the parties, the attorney for Film Company said: " That being so, I move on counsel's statement to strike out everything that has been offered in evidence here about the binders, and I accept the statement that the rights are based upon the policies." Of course, the claim is based upon the existence of the policies, as no rights would exist herein if the policies had not been issued, but this is far from saying that the policies as issued may not have been issued by mistake. Appellant, however, goes too far in insisting that the finding of fact which states that the policy of insurance was issued to the plaintiff in lieu of the binder necessarily implies that because the binder was issued by mistake in the name of Studios Company alone, that, therefore, the policy was so issued. This does not follow, since the words " in lieu of " may well mean " in place or stead of." Furthermore, the trial court expressly found " The policy of insurance * * * superseded all preliminary agreements insuring said laboratory building and contents, and the parties to this action are bound by the terms thereof." The appellant had the right, however, upon the trial to show that the policies in question were issued by mistake

to include Studios Company, if such was the fact. We do not mean to imply by anything that is said herein that such was the fact. In endeavoring to bring the circumstances of the issue of the policy before the court, the insurance broker was asked: " Q. You do not know how it happened that they put in the two names? A. I do. * * * Q. Did you have a further conversation after the binder and before the policies were issued? A. I think that — Q. That calls for yes or no. Did you have such a conversation? A. I had with his office, but I won't say whether it was Mr. Chutsan or not. Q. With O'Gorman & Young's office? A. Yes. Q. What was that conversation? Mr. Sanborn: Objected to as incompetent, irrelevant and immaterial. Sustained. Exception by plaintiff." The question was relevant and competent upon the issue tendered by the plaintiff and was improperly excluded, and its exclusion requires the granting of a new trial.

Taking up further the objection of the appellant that the respondent has not shown upon this record its right to the insurance moneys obtained from the destruction of the personal property by fire, the respondent likewise contends that the concession of counsel upon the trial made it unnecessary for him to otherwise prove his right to these moneys. The statement upon which he relies is as follows: " Mr. Zinke: * * * Will you concede that there was a loss by fire on the property mortgaged to the Central Union Trust Company under the Studios mortgage, and also on the property owned by the Willat Film Corporation on February 7, 1925? Mr. Sanborn: Yes, I will make that concession in this form — Mr. Zinke: No, you can do anything that you want later. Will you concede that? Mr. Sanborn: Yes, what is the date? Mr. Zinke: February 7, 1925. * * * "

Counsel for respondent, however, overlooks the fact that the resultant loss referred to in this stipulation was the loss on the property mortgaged under the mortgage of Studios Company and also of the property owned by Film Company, and there is nothing in this stipulation which says that these two properties are identical. It also appears that the terms of the mortgage of Studios Company provided, " Expressly excluding any and all personal property of any sort or description belonging to the Willat Studios & Laboratories, Inc., on the date of this indenture."

The burden was on the trustee to show its title to the moneys it is claiming and upon this record it has failed to do so.

The judgments appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Merrell, McAvoy and Proskauer, JJ., concur.

Judgments reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.