MASSACHUSETTS BONDING AND INSURANCE COMPANY, Plaintiff, *v.*
RUTLEY CONSTRUCTION CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District,
May 11, 1936.

*Patent, Stern & Rachstein* [*Jacob Gross* of counsel], for the plaintiff.

*Horowitz & Hurwitz* [*Harold D. Scharf* of counsel], for the defendant.

EDER, J.   Plaintiff issued to defendant its policy bearing No. CP 30204, styled contractors' public liability policy, and in consideration of premiums to be paid to it by the defendant agreed to indemnify the defendant against loss from the liability imposed by law upon the defendant for damages on account of bodily injuries and/or death accidentally suffered or alleged to have been suffered, during the term of the policy, by any person or persons not in the employ of the defendant, while at or about the work of the defendant described in statement 3 of the schedule attached to said policy, by reason of and during the progress of said work at the locations set forth in said statement 3.   This schedule is designated " Contractors' Schedule (A)."   It is ^omposed, among other things, of a classification of operations, estimated total annual remuneration, rate per $100 of remuneration, estimated premium, and a column of numbered classes and the estimated advance premium.   In the schedule of statements, under " 3," in the classification of operations, defendant's work is described as concrete construction, contractors-cleaners, carpentry, excavation and masonry, and any damage resulting from the furtherance of such work was to be borne by the plaintiff.

Under condition A of the policy it is provided: " This Policy does not cover   *   *   *   (3) loss from the liability for, or any suit for damages based on, injuries or death, (a) caused by any person whose remuneration is not included in the remuneration upon which the premium is based."

Plaintiff seeks to recover the balance of premium for the period from November 2, 1933, to September 19, 1934.   On December 11, 1933, an indorsement or rider was issued and affixed to the policy which contains in the classifications, cleaners, watchmen and timekeepers.   This resulted in an amended total premium.   This indorsement or rider contained the following statement, among others:

" In consideration of a return premium of $363.80 it is hereby understood and agreed all previous classifications are hereby void and following attached in lieu thereof [the mentioned classifications].

" Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of said policy other than as above stated."

Defendant contends that it was covered only when damage was caused to others as a result of the work set forth in the classifications listed in statement 3 and that it, therefore, can only be liable for the premiums of the classifications set forth in said statement; that the effect of said indorsement or rider was that it voided the original classifications and limited plaintiff's liability to damages

caused only by any person whose remuneration is included in the remuneration upon which the premium is based, and the indorsement or rider having voided the prior classifications, the policy, as amended, gave to the defendant no coverage as respects damages caused by defendant's employees listed in the original classifications, and hence the plaintiff, having insured the defendant only as to the three classifications mentioned in the indorsement or rider, the premium liability must be limited thereto, and that upon this basis the defendant has overpaid the plaintiff the sum of $120.80, which it seeks to recover by way of counterclaim.

Plaintiff, on the other hand, contends that the indorsement or rider did not change any of the specific terms set forth in the policy and did not limit the premium liability of the defendant, as the assured, to the classifications set forth therein; that the policy specifically provides for additional classifications with an adjustment of the premium to be paid by the assured.

In support of this claim plaintiff relies on paragraph or condition B of the policy, which among other things provides: " The premium for this Policy is based upon the entire remuneration earned during the Policy Period by all employees of the assured engaged in the trade or business described in Statement 3 whose remuneration is not herein elsewhere specifically excluded.   The premium is subject to adjustment at the end of the Policy Period   *   *   *.   If there shall be any change in or addition to the classifications of work undertaken by this employer as set forth in Statement 3, during the policy period, the premium therefor shall be adjusted in accordance with the Company's manual rates applicable thereto."

Plaintiff claims that the mentioned indorsement or rider did not discharge the plaintiff from liability under the policy as to the original classifications, that this could only result from a specific " exclusion endorsement " and that the indorsement or rider in question, read with condition B, continued the liability of the plaintiff as to defendant's employees engaged in the original classifications, and merely included the additional employees of the defendant engaged in the classifications mentioned in the indorsement or rider.

For the reasons which I shall presently point out, I am of the opinion that plaintiff's contention is untenable and that defendant is entitled to judgment.

At first blush it would seem that there is some force to plaintiff's contention in view of the language of condition B that the premium is based upon the entire remuneration earned by all the defendant's employees whose remuneration is not " specifically excluded," and in the event of a change in or addition to the classifications

there shall be an adjustment of premiums, and Schedule (A) also contains a blank space entitled "Additional Classifications;" yet, on the other hand, the indorsement or rider contains an express agreement that " *all previous classifications* are hereby *void* and the *following* attached *in lieu thereof.*"

It seems to me that this indorsement or rider " attached to and forming part of Policy No. CP 30204," must be given due weight and means just what it says; otherwise it is meaningless; that it was thereby intended to void and did void the policy as to all classifications of risk mentioned in the policy as originally issued and to expressly limit the plaintiff's liability to those classifications specifically stated in the indorsement or rider and to base and calculate the premium payments thereon.

The indorsement or rider, as it is commonly characterized, is a part of the policy contract (*Scharles* v. *Hubbard, Jr., & Co.*, 74 Misc. 72; *Benedict* v. *Ocean Insurance Co.*, 31 N. Y. 389), to be considered with the provisions in the body of the policy, and they are not abrogated, waived, limited or modified by the provisions of the rider unless it is expressly stated in the rider that the provisions thereof are *substituted* for those appearing in the body of the policy, or unless the provisions in the policy proper and those in the rider are in conflict, in which case the latter governs. (32 C. J. 1159, § 270; *Ætna Insurance Co.* v. *Sacramento-Stockton S. S. Co.*, 273 Fed. 55; *Weaver* v. *Home Life & Accident Co.*, [Tex. Civ. App.] 221 S. W. 299; *N. Y. & P. R. S. S. Co.* v. *Ætna Insurance Co.*, 204 Fed. 255 [C. C. A. N. Y.], affg. 192 id. 212; *Plummer* v. *Insurance Co. of North America*, 114 Me. 128; 95 A. 605.) If there is any ambiguity between the provisions in the body of the policy and the rider, the latter will control. (26 C. J. 76, § 72; *Jackson* v. *British America Assurance Co.*, 106 Mich. 47; 63 N. W. 899.)

The indorsement or rider is clear; it specifically declares " all previous classifications are hereby void." What else can this mean than that all liability of plaintiff under the classifications in the policy as originally issued was wholly terminated and its liability limited only to those classifications mentioned in the rider. The effect of this rider is to displace the original classifications and substitute the others. This view is fortified by the further statement in the rider, " and *following* attached *in lieu thereof.*" " In lieu thereof " means " in place of;" " instead of;" " in substitution for." (31 C. J. 361; *Hendricks Co.* v. *Thomas Publishing Co.*, 242 Fed. 37, 42 [C. C. A. N. Y.]; *Southland Life Insurance Co.* v. *Hopkins*, [Tex. Civ. App.] 219 S. W. 254, 264; *Matter of Underhill*, 20 N. Y. Supp. 134, 135; *Willat Film Corp.* v. *Central Union Trust Co.*, 221 App. Div. 180. See, also, 4 Words & Phrases, p. 3475.)

This phrase, as I view it, must, therefore, mean and can only mean that the classifications mentioned in the indorsement or rider were intentionally *substituted* for those contained in statement 3 of Schedule (A) of the policy as originally issued. If this be so, the plaintiff's liability and coverage were limited only to those classifications and the premium liability must be predicated and calculated thereon.

" In lieu thereof," as contained in the mentioned indorsement or rider, " attached to and forming part of " the policy, in my opinion constitutes an " exclusion indorsement "— of the very nature and kind asserted by the plaintiff.

The plaintiff, as insurer, having drawn the contract and rider, any ambiguity must be resolved against it; it is the settled rule that if a condition in an insurance policy is susceptible of two interpretations, it is to receive that which is most favorable to the insured, since the insurer is responsible for the language used in the policy. (Cases *supra*.)

I believe the question as thus analyzed leads to a harmonious and just conclusion and that any other interpretation would result in injustice. It is conceded that if defendant is entitled to recover, it is entitled to the sum of $120.80 on its counterclaim for overpayment of premiums. Judgment is accordingly rendered in favor of defendant dismissing the complaint on the merits and as a matter of law, and judgment is awarded to defendant on its counterclaim and against the plaintiff for the sum of $120.80. Five days' stay of execution.