## STATE v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY AND OTHERS.[1]

January 6, 1939.

No. 31,891.

*C. W. Wright, D. C. Edwards,* and *Richard Musenbrock,* for appellants.

*William S. Ervin,* Attorney General, and *Harry W. Oehler,* Assistant Attorney General, for the State.

LORING, JUSTICE.

In a suit to recover gross earnings taxes for the last six months of each of the years 1935 and 1936 the state prevailed below, and

[1]Reported in 283 N. W. 244.

the case comes here upon appeal by the defendants from an order denying their motion for a new trial.

The sole question presented is whether or not debit balances accruing against the defendants in the adjustment of *per diem* charges in the exchange of freight car equipment are properly deductible from gross earnings tax returns made by the railroad company under the provisions of 1 Mason Minn. St. 1927, § 2246, *et seq.*

Section 2246 provides in substance that every railroad company shall pay:

"* * * in lieu of all taxes, upon all property within this state owned or operated for railway purposes, by such company, including equipment, appurtenances, appendages and franchises thereof, a sum of money equal to five per cent of the gross earnings derived from the operation of such line of railway within this state."

Section 2247 provides:

"The term 'the gross earnings derived from the operation of such line of railway within this state,' as used in section 1 of this act [§ 2246] is hereby declared and shall be construed to mean, all earnings on business beginning and ending within the state, and a proportion, based upon the proportion of the mileage within the state to the entire mileage over which such business is done, of earnings on all interstate business passing through, into or out of the state."

The law in its present form has been ratified by the electors of the state as provided for in Minn. Const. art. 4, § 32a. There are no statutory provisions for any deductions from gross earnings unless the deductions authorized by 1 Mason Minn. St. 1927, § 2274, be so called. The defendants have assumed to deduct the debit balances referred to upon the contention, first, that unless such deductions are allowed the result amounts to taxing property not owned by them; and, second, that such failure to allow the deduction amounts to double taxation on the same property on which a tax has already been paid by the creditor railroads.

In State v. M. & I. Ry. Co. 106 Minn. 176, 182, 118 N. W. 679, 681, 1007, 16 Ann. Cas. 426, this court, following the supreme court of

Wisconsin in State v. McFetridge, 64 Wis. 130, 24 N. W. 140, with reference to the adjustment of accounts between railroad companies for charges made for the exchange of freight car equipment on a *per diem* basis, held:

"Where accounts are kept between different companies and charges are adjusted for such service, up to the point where the accounts balance, the operation is a mere exchange of the use of the cars, but the amount received by any company for the use of its cars in excess of the amount paid out by it for the use of the cars of other companies is one of its sources of revenue earned by its rolling stock, and should be included in the gross earnings."

The gross earnings tax has been described by various names, but it is best defined by the language of the statute itself as "in lieu of all taxes, upon all property within this state owned or operated for railway purposes." The phrase "in lieu of" means "in place of" or "instead of" (Century Dictionary; Funk & Wagnall's New Standard Dictionary); and when the gross earnings tax has been called a "commutation" tax the word has obviously been used in the sense of substitution. Therefore the gross earnings tax is a tax in place of or substituted for the tax that would otherwise be imposed upon the specific items of railroad property. It is the appropriate means used by the state for reaching the actual or full value of the railroad property as a going concern and as an index or measure of value of the property as a whole. Pullman Co. v. Richardson, 261 U. S. 330, 43 S. Ct. 366, 67 L. ed. 682.

On the narrow question presented by this appeal we find that under the rule laid down in State v. M. & I. Ry. Co. *supra,* the equal exchange of freight car *per diem* charges between railroads in this state is not properly considered as earnings of either railroad, such balanced accounts being regarded as a mere exchange of the use of the cars under the requirements of the law in order to facilitate and expedite transportation and to reduce the cost thereof. A credit balance is taxable as gross earnings because the creditor railroad's gross earnings derived from the operation of its railway as a whole are enlarged by just that much. It is gross earnings,

not net earnings, which form the basis of the tax, and when the word "net" has been used by this court with reference to car *per diem* balances it has been used merely to indicate the result after eliminating the "mere exchange of the use of the cars" up to the point where the accounts balance, which exchange is in no sense earnings either "gross" or "net."

While the gross earnings tax is a property tax in the sense that its imposition is based upon the right to tax the property producing the earnings, "it is aimed at the business to which it is applicable *considered as a whole* [italics supplied] and embracing all property used therein." Railway Express Agency, Inc. v. Holm, 180 Minn. 268, 271, 230 N. W. 815, 816. Defendants' argument fails because it does not recognize that gross earnings flow from the combined operations of all the property of the railway. Gross earnings result from the management and operation of the property, and the rate of tax is intended to produce a result approximating what would be produced by an *ad valorem* tax which on account of the peculiar character of the railroad property would be difficult if not impossible to impose with fairness. Therefore the state imposes the gross earnings tax upon the result of the operation of the whole property as a substitute for an *ad valorem* tax upon the specific items of property. The state takes that tax, not separately upon the earnings of each specific item of property, but upon the aggregate earnings, and does not authorize the deduction of any item whatever. This court has held that certain receipts are to be excluded in computing the tax, not because they are authorized deductions from gross earnings but because they are not gross earnings. State v. M. & I. Ry. Co., *supra;* State v. N. W. Tel. Exch. Co. 107 Minn. 390, 120 N. W. 534; State v. St. P. M. & M. Ry. Co. 30 Minn. 311, 15 N. W. 307. In the last case cited it was specifically held that leasing trackage was not operating the railroad and consequently the rentals therefrom were not gross earnings within the statutory definition, whereas the use of freight cars by other roads was regarded as a source of revenue from operations in the M. & I. Ry. Co. case, 106 Minn. 176, 118 N. W. 679, 1007, and in State v. G. N. Ry. Co. 163 Minn. 88, 203 N. W. 453.

It is contended that the case at bar presents a situation parallel to the deduction permitted for the mileage paid freight line companies on their cars while in use on the railroads. The distinction is clear. The freight rates charged the freight line company by the railroad for haulage in these cars are identical with those charged for haulage in its own cars. The railroad pays a mileage fee to the freight line company for the use of each specific car, which in effect is an adjustment of the rate which would otherwise be discriminatory. It is not a deduction from gross earnings as such but an adjustment of the rate. The freight tariff less the mileage is in fact gross earnings.

In the transaction before us neither the credit balance nor the debit balance is allocated to any specific car or cars. Each arises out of the exchange transaction treated as a whole. The fact that the creditor railroad pays a tax on the credit balance does not entitle the debtor to a deduction any more than it would be entitled to a deduction for any other expense of operation paid to a gross earnings taxpayer. As tersely put by the trial court:

"An operating earning does not escape taxation because received from a gross earnings taxpayer and an operating expense does not become deductible because paid to a gross earnings taxpayer."

Hence we have no double taxation because of the failure to permit a general deduction for the debit balance. To do so would be to calculate gross earnings on a basis of net earnings of specific items of personal property.

Order affirmed.